(92 South. 517)

### HAMPTON v. STATE.   (4 Div. 739.)

(Court of Appeals of Alabama.   Feb. 21, 1922.)

1. **Criminal law** &#x21D0;1036(1), 1054(1)—**Objection and exception necessary for review of admission of evidence.**

Admission of testimony may not be reviewed; objection and exception not having been made and reserved at the time of its introduction.

2. **Criminal law** &#x21D0;844(1) — **Exception to instruction not descriptive only.**

Exception, "I want to except to that part of your honor's charge in which you state that it is a violation of the law to have any quantity of alcoholic liquor in possession under any circumstances," *held* not descriptive only, but the reservation of an exception to a particular exactly designated statement of the judge, and so sufficient.

3. **Criminal law** &#x21D0;1172(1)—**In view of sole issue of possession, error in instruction as to unlawfulness of possession harmless.**

Though Acts 1919, p. 6, contains exceptions to possession of intoxicating liquor being unlawful, yet the sole issue being possession, and possession within an exception being a matter of defense, error in charging that possession under any circumstances is unlawful was harmless.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Newt Hampton was convicted of violating the prohibition law, and he appeals. Affirmed.

Counsel for appellant said:

"I want to except to that part of your honor's oral charge in which you state that it is a violation of the law to have any quantity of alcoholic liquor in possession under any circumstances."

E. O. Baldwin, of Andalusia, for appellant.

The court was in error in its oral charge. Acts 1919, p. 7.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The attempted exception to the oral charge of the court was abortive. 201 Ala. 55, 77 South. 349. In any event, there was no error in the charge.

BRICKEN, P. J. This defendant was indicted, tried, and convicted of the offense of violating the prohibition law of this state; the specific charge being that he had in his possession alcoholic, spirituous, or malt liquors, or other prohibited liquors or beverages, contrary to law.

The evidence of the state, by the sheriff and his deputy, was to the effect they went to defendant's home with a search warrant to search for prohibited liquors. The defendant was at home, alone. The sheriff made his presence known at the front door, and the deputy went to the back door, and also knocked, or otherwise made his presence known. The defendant was seen through the window, lying across his bed, and got up and went into the kitchen, and immediately thereafter the officers heard something drop upon the floor of the kitchen. Upon entering the kitchen, just after having heard the noise or crash of something falling upon the floor, they (the officers) found a freshly broken half gallon fruit jar near the wood box behind the stove. The liquor, or rum, as stated by the witnesses, was still there fresh, and had not all run through the cracks on the floor. The witnesses testified it was rum. The defendant, on the other hand, testified that he did not break the jar, nor did he have any rum or other prohibited liquor in his house, or in his possession, at the time testified to by the officers.

[1] There were two other witnesses examined by the state, whose testimony related to another time and place, when it was thought that the defendant had a coco cola bottle with something in it bearing the appearance of liquor. The relevancy of this testimony does not appear from the record, but no objection was interposed to its introduction, and, as no exception was reserved in this connection, no question thereon is presented. Moreover, the court of its own accord charged the jury, in effect, that they were not to consider the testimony relating to the coco cola bottle, and confined their deliberations to the testimony of the officers, Gantt and Davis, above referred to. In fact, there is but one question presented

for review on this appeal, and that relates to an excerpt from the oral charge of the court, as follows:

"It is a violation of the law for a man to have liquor, any part of which is alcohol, in his possession for any purpose or any circumstances in this state."

And after the exception had been reserved to this portion of the oral charge, the court said further, in explanation or modification of his charge, as follows:

"Yes, gentlemen, I will limit that, because it is not literally true, because a druggist may have it under certain circumstances, and it may be subject to prescription by physicians, or something of that kind, and so as matter of literal statement of the law it may not be an exact statement of the law; but unless he has got it in his possession for some such purpose as that—under the prescription of a physician, or a druggist—it would be a violation of the law."

[2] We are unable to agree with the Attorney General in his insistence that the exception reserved to this portion of the court's oral charge was abortive, for the reason that the exception reserved was descriptive only. The exception, as shown by the bill of exception, is not subject to this criticism; it was not descriptive only, but was the reservation of an exception to a particular, exactly designated statement of the judge. This meets every requirement of the rule, long established and often announced.

[3] Since the passage and approval, on January 25, 1919, of the act known as the "Weekly Bone Dry Law" (Acts 1919, p. 6), it has been unlawful for any person to have in his possession, or to possess in this state, any spirituous, vinous, or malt liquors, or any other prohibited liquors or beverages, in any quantity whatever. This act contains some exceptions, as contended by defendant; but these exceptions are of no moment in the case at bar, as they are in no manner involved in the issues presented upon this trial —the clear-cut and only issue being, did the defendant have in his possession, or possess in this state, the prohibited liquors designated? The state contended that he did; the defendant, that he did not. There was no pretense that the defendant came within the terms of either of the exceptions referred to and contained in the statute, and no effort was made to show this fact. So, therefore, so far as this case is concerned, the court properly charged the law on the question of the possession of prohibited liquors, and the insistence of error in this connection is without merit. Lyles v. State (Ala. App.) 88 South. 375.[1] The exceptions provided for in the statute, supra, are in their nature defensive matters, and the state is not required to negative these exceptions in a pros-

ecution for unlawfully being in possession of prohibited liquors, the charge here complained of.

The record is free from error, and the judgment of the circuit court is affirmed.

Affirmed.