CITY OF DAYTONA BEACH, FLORIDA, a municipal corporation organized and existing under the laws of the State of Florida, *Appellant*, vs. THE STATE OF FLORIDA and CHAS. H. WILSON, *Appellees*.

Division B.

Opinion filed January 10, 1931.

*Harry A. Horn,* for Appellant;

*Fred H. Davis,* Attorney General, and *Chas. H. Wilson,* for Appellees.

WHITFIELD, P.J.—Chapter 10466, Acts of 1925, abolished the three then existing municipalities of "City of Daytona," "Town of Daytona Beach" and "Town of Seabreeze," and established the "City of Daytona Beach," in lieu of the three abolished municipalities. Section 196 of Chapter 10466 contains the following:

"The territorial boundaries of the City of Daytona as constituted on the date of the passage of this Act, and all property included therein shall be held responsible for, and be bound for all contracts, judgments and debts now held against said City and no other territory or property included herein and covered, by this Act, shall be responsible for such contract, judgments, and debts, nor shall any tax ever be levied upon any of such other territory or property for the payment of such contracts, judgments and debts."

The same section contains similar provisions as to the other two municipalities that are incorporated into the "City of Daytona Beach."

Section 1, Chapter 11855, Acts of 1927, provides that,

"The governing authority of any county, city, town, municipal corporation or taxing district of the State may by resolution authorize the issuance of refunding bonds for the purpose of refunding any bond, note, certificate of indebtedness or other obligation for the payment of which the credit of said county, city, town, municipal corporation or taxing district is pledged, at

or prior to maturity in the manner provided in this Act.''

The ''governing authority'' of the ''City of Daytona Beach'' attempted to issue refunding bonds covering an indebtedness of the ''City of Daytona,'' for the payment of which refunding bonds ''the full faith and credit of the City of Daytona Beach'' are pledged, the bonds to be paid by taxation covering the entire territory of the ''City of Daytona Beach.'' In validating proceedings under the statute the Circuit Judge decreed that ''said bonds be not validated.'' The ''City of Daytona Beach'' appealed.

Section 8, Article VIII, constitution, provides that ''When any municipality shall be abolished, provision shall be made for the protection of its creditors.'' The provision above quoted from section 196 of chapter 10466 complies with the organic requirement, and chapter 11855 above referred to authorizes the ''governing authority'' of the ''City of Daytona Beach'' to issue refunding bonds covering indebtedness of the ''City of Daytona.'' Under the quoted provision of Chapter 10466 such bonds must be paid by taxation confined to ''the territorial boundaries of the City of Daytona as constituted on the date of'' the creation of the ''City of Daytona Beach,'' the successor of the three previously existing municipalities. See Section 24 Article III, Constitution. Chapter 10466 abolishing the three prior municipalities and incorporating them into one new municipality, does not authorize refunding bonds covering a prior indebtedness of one of the three abolished municipalities to be issued payable by taxation embracing the entire territory of the new municipality. See Amended Section 6 Art. IX as to the issue of bonds.

Affirmed.

STRUM AND BUFORD, J.J., concur.

TERRELL, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.