CITY OF LAKE ALFRED, et al., *Appellants,* vs. W. F. LAW-LESS, et al., *Appellees.*
135 So. 895.
Division B.
Opinion filed June 19, 1931.
Petition for rehearing denied July 6, 1931.

*Henry L. Jollay* and *Don Register*, for Appellants;
*A. Summerlin* and *A. W. Touchton*, for Appellees.

WHITFIELD, P.J.—This appeal is from a decree obtained by taxpayers enjoining the levy or collection of taxes for, and the payment of, bonds issued by the municipality for street improvements, including an issue of refunding bonds, the theory being that all of the bonds are void because all of the original bonds were issued by resolution of the city authorities under Chapter 9298, Acts of 1923, a general law, when the city charter, Chapter 6685, Acts of 1913, as amended by Chapter 7152, Acts of 1915, requires all bonds of the city to be issued upon the affirmative vote of two-thirds of its electors.

The constitution contains the following provisions:

"The legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where special or local laws are provided by the legislature that may be inconsistent therewith."   Sec. 24, Article III.

"The Legislature shall have power to establish, and

to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors.'' Sec. 8, Article VIII.

The first of the above quoted provisions of the constitution requires the legislature to establish a uniform system of municipal government which shall be applicable, except in cases where there is an inconsistent local or special law on the same subject; and the second quoted provision authorizes the legislature to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers and to alter or amend the same at any time, when no other applicable provision of the constitution is thereby violated. See Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716; City of Tampa v. Prince, 63 Fla. 387, 58 So. 542; Ferguson v. McDonald, 66 Fla. 494, 63 So. 915; Sanders v. Howell, 73 Fla. 563, 74 So. 802; State ex rel. D'Alemberte et al. v. Sanders et al., 79 Fla. 835, 85 So. 333; State ex rel. Triay v. Burr et al., 79 Fla. 290, 84 So. 61; City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 517; City of St. Petersburg et al. v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509; Pursley v. City of Ft. Myers, 87 Fla. 428, 100 So. 366; City of Daytona Beach v. State, 100 Fla. ...., 132 So. 490; State v. City of Miami; Sullivan v. Tampa, decided at the last term. State v. City of Avon Park, 96 Fla. 494, 118 So. 233.

Under the above quoted organic provisions, statutes may prescribe governmental regulations applicable generally to municipalities or may prescribe such regulations for particular municipalities. General laws may repeal or supersede special or local laws respecting municipalities if so intended by the enactments. Where a general law relating to municipal government does not supersede or repeal a special or local law, but is ''incon-

sistent therewith'', the local or special law and not the general law is "applicable" under section 24, Article III, constitution. A general law and a local or special law relating to municipalities when not "inconsistent" may both be "applicable" to a particular municipality. Where a general law prescribes municipal regulations that are alternative or additional to those prescribed by special or local laws for particular municipalities, such alternative or additional regulations may not be "inconsistent" with the special or local regulations within the meaning of the constitution so as to make the special or local law "applicable" to the exclusion of the general law. Under section 8, Article VIII, constitution, a local or special law may exclude the operation in a particular municipality of a prior general law relating to municipalities. A general law relating to municipalities may by a special or local law be made applicable to a particular municipality in addition to the special or local law.

The special charter Acts, Chapters 6685 and 7152, enacted in 1913 and 1915, provide that a municipal bond "issue shall be first approved by an affirmative vote of two-thirds of the electors having the qualification herein provided for."

A subsequent general law, Chapter 9298, enacted in 1923, provides that "the governing body of the municipality may by resolution issue bonds" for street improvements, and also provides that:

"This law shall without reference to any other Act of the Legislature of Florida be full authority for the issuance and sale of the bonds by this law authorized, and shall be construed as an additional and alternative method for the financing of the improvements herein referred to. No ordinance, resolution, or proceeding in repect of the issuance of any bonds hereunder shall be necessary except such as is required by this law, and no publication of any resolution, ordinance, notice or proceeding relating to the issuance

of the bonds provided for by this law shall be required except such as required by this law." Sec. 3040, C. G. L. 1927.

"This law shall not repeal any other statute relating to the subject matter hereof but shall be deemed to provide a supplemental, additional and alternative method of procedure for the benefit of all cities, towns and municipal corporations, of the State of Florida, whether organized under the special act or the general law, and shall be liberally construed to effectuate its purpose." Sec. 3042, C. G. L. 1927.

The quoted and other provisions of the general law, Chapter 9298, manifest an intent that they "shall be applicable" "as an additional and alternative method" for issuing street improvement bonds notwithstanding other methods that may be provided in then existing general or special laws, thus providing additional enactments and not inconsistent regulations. Such intent of Chapter 9298 is not inconsistent with the charter acts of the City of Lake Alfred, Chapters 6685 and 7152; and as there was no *subsequent* special or local law affecting the jurisdiction and powers of the city of Lake Alfred to issue bonds that is "inconsistent" with the general law, or that excludes the operation of the general law, the provisions of the general law as well as of the special law relative to the issue of municipal bonds were under section 24, Article III of the constitution "applicable" to the city of Lake Alfred when the bonds were issued. See Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507; City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509.

In State v. City of Brooksville, 96 Fla. 141, 118 So. 13, the subsequent local or special law, Chapter 10354, Acts of 1925, conferred upon the city of Brooksville "all the powers given to towns and cities under the general laws of the State", which included the powers conferred by Chapter 9298, Acts of 1923.

In City of Apalachicola v. State, 93 Fla. 921, 112 So. 618, the intent of the particular special or local law, Chapter 11396, Acts of 1925, was to exclude the operation of the prior general law in the city of Apalachicola. See section 8, Article VIII, constitution. Bonds lawfully issued may be refunded as provided by law. See State v. City of Miami, decided at the last term.

Reversed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS AND BROWN, J.J., dissent.