A. L. ROMINE v. THOMAS H. HOROBIN, *et ux.*

190 So. 508
Opinion Filed July 7, 1939
Rehearing Denied July 24, 1939

*Marion Brooks,* for Appellant;

*Fred H. Kirtley,* for Appellees;

TERRELL, C. J.—The appellant secured a judgment in a common-law action against appellees in Dade County, Florida, predicated on a similar judgment obtained in the common pleas court of Montgomery County, Ohio. Proceedings supplementary to execution were prosecuted to ascertain the amount and extent of defendant's assets that might be subjected to the payment of the latter judgment.

A creditor's bill was then filed in the Circuit Court of Dade County by appellant charging that defendant Thomas H. Horobin had conveyed certain of his property to his wife for the purpose of avoiding the common-law judgment. A *lis pendens* was filed with the creditor's bill. Defendants moved to dismiss on the ground that a bond for costs and charges had not been filed as required by Section 4672,

Compiled General Laws of 1927. Plaintiff, by his attorney, then filed a good and sufficient bond and moved for decree *pro confesso*.

Defendants moved to set aside the decree *pro confesso* and the *lis pendens*. The cause was heard on all pending motions and the chancellor entered his decree setting aside the decree *pro confesso* the notice of *lis pendens* and dismissing the cause of action. The present appeal was prosecuted from this decree.

It appears from reading Section 4672, Compiled General Laws of 1927, that a cost bond in a proceeding of this kind may be filed by the plaintiff, his agent, or. attorney. In this case, the bond appears to have been posted by plaintiff's attorney within the time required by law. When the bond was thus filed, this ground for the action to dismiss vanished and in the absence of other grounds, the motion should have been denied.

The motions to set aside the *lis pendens* and the degree *pro confesso* were based on variations in spelling, reciting and designating the names of the parties to the common law action predicated on the Ohio judgment and for other reasons not essential to relate. These differences in spelling and designation appeared at various times in both the pleadings and the judgment in said common law action which the creditor's bill is seeking means to satisfy.

These differences in spelling and designating. might have been unimportant matters if they had been moved against and corrected at the proper time but having been permitted to go unchallenged until they became a part of the final judgment, the said judgment became so infected with error as to be a nullity as the chancellor held.

The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

THOMAS, J., case presented before he became a member of the Court.