MAE VANN SANDERS v. CITY OF COLEMAN.

196 So. 822
Division B
Opinion Filed June 21, 1940
Rehearing Denied July 1, 1940

456

*G. P. Garrett* and *Hope Strong,* for Appellant;
*McCollum & Howell,* for Appellee.

WHITFIELD, J.—This suit was brought to reform and to enforce payment of municipal bonds. A motion to dismiss was granted with leave to amend, one of the grounds of the motion being that the bonds sought to be reformed were illegally issued. Plaintiff appealed.

The bonds dated August 1, 1926, were issued in the name and under the seal of the *Town* of Coleman, and were validated and purport to obligate the *Town* of Coleman. The bonds were issued without an approving vote of the electorate, and contain the following:

"This bond is one of a series of fifteen (15) bonds of like date, tenor and amount, except as to maturities, aggregating Seven Thousand Five Hundred ($7,500.00) Dollars and issued for the purpose of paying the proportion of the

cost of certain street improvements assessed against property bounding and abutting upon such improvements in the Town of Coleman, Florida, under the authority of, and in full compliance with, Chapter 9298 of the Laws of Florida, Acts of 1923, and pursuant to resolution duly passed by the Town Council of said Town."

Section 24, Article III, of the Constitution provides that:

"The Legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the Legislature that may be inconsistent therewith." See Sec. 8, Art. VIII.

(The 1934 amendment to Section 24, Article III, is not operative until the Legislature shall have classified the cities and towns of the State as required by the amendment.)

Chapter 9298, Acts of 1923, is a general law, the title to which is as follows:

"AN ACT Providing a Supplemental, Additional and Alternative Method of Making Local Improvements in Cities, Towns and Municipal Corporations, Authorizing and Providing for Special Assessments for the Cost Thereof, and Authorizing and Providing for Special Assessments for the Cost Thereof, and Authorizing the Issuance and Sale of Bonds of Such Municipalities in Connection with Said Local Improvements, Said Bonds to be General Obligations of the Municipalities."

Under Chapter 9298, municipal bonds could be issued without an approving vote of the electors.

Chapter 10429, Special Acts of 1925, which became effective June 8, 1925, abolished the Town of Coleman and established the City of Coleman.

The Act contains the following:

"Section 1. *Bond Issue.*—Whenever it shall be deemed

advisable to issue bonds for any purpose or purposes here-inafter named for raising money to be used in constructing, maintaining or purchasing gas or electric light works or other illuminating works; for the purpose of constructing, maintaining or purchasing a system of sewerage; or other-wise promoting the health of said municipality; or for the purpose of opening, widening and paving the streets and sidewalks of said municipality, and for the purpose of open-ing and maintaining public parks and promenades, for the purpose of constructing buildings for and maintaining a system of public education in said municipality; for the purpose of establishing and maintaining a fire department in said municipality; for the purpose of erecting public build-ings for the use of said municipality or any other public im-provement within said municipality; for any one or more of said purposes, the mayor and the council are hereby au-thorized to issue bonds of said municipality and under the seal of the said corporation, to an amount of not exceeding twenty-five per cent. (25%) of the assessed valuation of all property, both real and personal, within said city as shown by the assessment roll, signed by the Mayor and countersigned by the president of the city council, and at-tested by the clerk, with interest coupons attached, which shall be signed in like manner; except that signatures of officers on the coupons may be lithographed, provided, how-ever, that before said bonds shall be issued, the issuance of said bonds shall be approved by an affirmative vote of a majority of the electors voting for each purpose separately at an election to be held for such purpose or purposes, which election shall be regulated by the ordinance as to the manner of conducting and certifying the same, after the same has been advertised for not less than thirty days in a newspaper published in said Sumter County, Florida, and at which elec-

tion only qualified electors of said city, who own real estate or personal property in said city, and who have paid the city taxes thereon last due, shall be allowed to vote at said election." Sec. 1, Art. XIII.

"Sec. 10. The general law of the State of Florida, governing cities and towns, shall apply to and govern the City of Coleman, *where not inconsistent with the provisions of this Act.*" Sec. 10, Art. XV. (Italics supplied.)

"Sec. 11. All laws and parts of laws in conflict with this Act are hereby repealed so far as they affect the City of Coleman." Sec. 11, Art. XV.

Chapter 9298, Acts of 1923, is a general law relating to the issue of local improvement bonds by municipalities, but as the Charter Act of the City of Coleman, Chapter 10429, Acts of 1925, a subsequently enacted special or local law, is *inconsistent* with the previous general law, Chapter 9298, on the subject of issuing local improvement bonds by the city, the Constitution, Section 24, Article III, expressly makes the special or local law, Chapter 10429, applicable, to the exclusion of the general law, Chapter 9298, Acts of 1923. See City of Apalachicola v. State, 93 Fla. 921, 112 So. 618. See also City of Lake Alfred v. Lawless, 102 Fla. 84, 135 So. 895, where previous decisions are distinguished.

It is not necessary that the local law be repugnant to the general law; it need only be "inconsistent therewith."

In Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507 the general law, Chapter 9298, was enacted subsequent to the special or local law, Chapter 8918, the Charter Act of the Town of Boynton. See City of Lake Alfred v. Lawless, 102 Fla. 84, 135 So. 895.

In State v. City of Brooksville, 96 Fla. 141, 118 So. 13, a subsequent special or local law, Chapter 10354, Acts of 1925, gave to the City "all the powers given to towns and cities

under the general statutes of the State of Florida." (Sec. 24.)

In this case Chapter 9298 was enacted in 1923, while Chapter 10429 was enacted in 1925, and provides:

"The general law of the State of Florida, governing cities and towns, shall apply to and govern the City of Coleman, *where not inconsistent with the provisions of this Act.* (Italics supplied.)

"All laws and parts of laws in conflict with this Act are hereby repealed so far as they affect the City of Coleman." (Secs. 10, 11.)

In this case the provision in Chapter 10429 with reference to issuing bonds for local improvements is manifestly inconsistent with the provisions of Chapter 9298 on the same subject.

The necessary result is that the *Town* of Coleman having been abolished June 8, 1925, by Chapter 10429 which abolished the *Town* and established the *City* of Coleman, the *Town* of Coleman had no authority to issue bonds on August 1, 1926, the date of the bonds here involved. And as Chapter 10429, Acts of 1925, is inconsistent with Chapter 9298, Acts of 1923, as to the power to issue local improvement bonds, making the prior general statute inapplicable under the Constitution, the bonds purporting to have been issued August 1, 1926, by the *Town* of Coleman under Chapter 9298, Acts of 1923, are unauthorized by any statute and are not enforceable *as bonds* whatever may be the rights of those who furnished money to the *City* of Coleman on the faith of the bonds issued August 1, 1926, in the name of the *Town* of Coleman, where the money so received has been used by the City of Coleman for an authorized municipal purpose. See State *ex rel.* Nuveen v. City of Quincy, 88 Fla. 249 text page 255, 102 So. 739, 37 A. L. R. 1298;

Nuveen v. Bd. Pub. Inst., Gadsden Co., 88 Fed. (2nd) 175.

The bonds were validated by the circuit court as bonds for the *Town* of Coleman; but as Section 24, Article III, of the Constitution was violated in issuing the bonds, the validating decree is not conclusive of the validity *of the bonds* even if they had been issued by the City of Coleman.

Decree affirmed.

BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.