**J. TOM WATSON, as Attorney General of the State of Florida; J. REX FARRIOR, as State Attorney, for Hillsborough County, Florida, and LUTHER W. COBBEY, as County Solicitor of the Criminal Court of Record of Hillsborough County, Florida, v. CENTRO ESPANOL DE TAMPA, a non-profit corporation, organized and existing under the laws of the State of Florida; DR. M. R. WINTON and DON CARLOS GUBERN y PUIG'.**

30 So. (2nd) 288
April 29, 1947
Rehearing Denied May 20, 1947

January Term, 1947
En Banc

*J. Tom Watson*, Attorney General, *Fred M. Burns* and *Bolling C. Stanley*, Assistant Attorneys General, *J. Rex Farrior*, State Attorney, *Luther W. Cobbey*, County Solicitor and *Charles H. Ross*, Assistant County Solicitor, for petitioners.

*Ralph A. Marsicano* and *Whitaker Brothers*, for respondents.

TERRELL, J.:

The County Solicitor of Hillsborough County filed an information against Don Carlos Gubern y Puig' charging him with the violation of Chapter 458, Florida Statutes 1941, defining and punishing as a felony the practice of medicine without a license. Gubern and the other respondents then filed a petition in the Circuit Court, praying for declaratory decree construing certain provisions of Chapter 458, adjudicating the rights, privileges, and immunities of petitioners thereunder, and for temporary injunction restraining the county solicitor from trying Gubern on the information, pending the disposition of the petition for declaratory decree. A motion to dismiss the petition was overruled, a temporary restraining order was granted as prayed for, and that order is here for review on certiorari.

The question for determination is impressed with a dual aspect and will be stated as follows: Gubern was informed against for violating Section 458.14, 153 Florida Statutes 1941. He promptly petitioned the court for declaratory decree adjudicating his rights, status and immunities under Chapter 458, and for temporary restraining order pending such adjudication. Query: (1) Under the facts stated, was the court authorized to entertain a petition for declaratory decree adjudicating the rights of petitioner under the provisions of Chapter 458, and (2). If the trial Court is authorized to entertain such a petition, may he then grant a temporary restraining order staying the prosecution of the criminal charge, pending the disposition of the petition for declaratory decree?

The essential facts set out in the petition are that Dr.

M. R. Winton is the Medical Director of Centro Espanol de Tampa, a non-profit corporation under the laws of Florida, which has about 9000 subscribers, most of whom are of Latin descent and pay regular dues, that for more than fifty years said corporation has maintained a hospital and furnished medical, surgical and hospitalization services for its subscribers, and, that in order adequately to furnish such services, it is necessary to employ non licensed assistants as interns to aid the medical Director. It is alleged that a like practice prevails in the Tampa municipal and other hospitals throughout the State.

The petition also shows the filing of the information against Gubern, charging him with practicing medicine without a license, that he does not attempt to practice medicine except as an assistant or intern in the conduct of Centro Espanol de Tampa under the direction of Dr. Winton or Dr. Robles, who is also employed in said hospital, that the duties of an intern are somewhat ambiguous under the laws of Florida, but that services similar to that being rendered by Gubern are being performed by interns in other hospitals throughout the State and have been for many years.

It is also shown that Gubern is a graduate of an outstanding medical college, has been duly licensed and has in fact practiced medicine outside the State for many years, that he is in every way qualified to practice medicine except that he has not been licensed by the State Medical Board of Florida. That the rights of Gubern, the Medical Director of Centro Espanol de Tampa, and the hospital have been drawn in question by the information filed against Gubern, and that they are entitled to a decree adjudicating their rights, privileges and immunities under the law.

We first dispose of the point of whether or not the chancellor committed error in staying the trial of the criminal charge against Gubern, pending the determination of his rights and status under Sections 458.13 and 458.15 and other sections of Chapter 458, Florida Statutes 1941.

The basis for the information is that Gubern is practicing medicine contrary to the provisions of Chapter 458, Florida Statutes 1941. If he is not violating this act, then there

is nothing to support the information. It cannot be said that as to Gubern the act is unambiguous. Since this is the case, and one of the purposes of Chapter 21820 (Declaratory Judgments Act) is to determine personal and property rights and status when in doubt, there must be sufficient reason to invoke it here. This thesis would seem to be all the more true when the aid that Gubern is now charged with as being in violation of the law, has been a common practice in this State for many years.

The real question on this point is whether or not the chancellor had the discretion to stay the trial of the criminal charge for a brief period till Gubern's status could be determined. Whether the action for declaratory judgment should be permitted to interrupt the trial of the criminal charge is not before us. Unless there was an abuse of discretion in staying the trial for a limited period for this purpose, there was no abuse of discretion. Ostrander v. Linn _____ Iowa _____, 22 N.W. (2nd) 223.

It is quite true that equity cannot ordinarily be invoked to enjoin the prosecution of a crime, but the rule is equally as well settled that equitable jurisdiction may be invoked to restrain criminal prosecutions under unconstitutional acts when essential to safeguard personal property rights. The right to earn a livelihood and to continue in one's employment unmolested by efforts to impose void enactments should likewise be entitled to protection. Traux v. Raich 239 U. S. 33, 36 S. Ct. 7, 60 L. ed, 131; Terrace v. Thompson, U. S. 68 L. ed. 255; Packard v. Banton, 68 L. ed. 596.

It is not disputed that for many years Centro Espanol de Tampa and other hospitals in the State employ interns to assist the staff and no question has before been raised as to the validity of the practices, and no prosecutions have resulted. It would therefore seem that in reason Gubern should not be subjected to the risk of prosecution, punishment or loss of professional reputation that a prosecution would incur, when there is adequate means otherwise provided to determine his status. We find no abuse of discretion in the decree appealed from on this point.

We now revert to the question of whether or not Section

458.13, defining the practice of medicine and stating exceptions thereto, is so doubtful and uncertain in meaning as to the status of interns, that one affected by it may invoke the terms of the declaratory judgment act to have his rights adjudicated.

In Ready v. Safeway Rock Co. 24 So. 2nd 808, 157 Fla. 27, this Court held the declaratory Judgment Act to be nothing more than a legislative attempt to extend procedural remedies to comprehend relief in cases where technical or social advances have tended to obscure or place in doubt one's rights, immunities, status or privileges.

Here we have a case that comes squarely within this test. The professional right of Gubern is so blended with the alleged crime charged against him, that both are necessarily involved. It would seem to be an ideal case to invoke the declaratory judgment act. Anderson on Declaratory Judgments, Section 342, page 817, Stuart Circle Hosp. Corp. v. Curry, 173 Va. 136, 3 S.E. (2nd) 153; O'Neil v. State, 115 Tenn. 427, 90 S. W. 627, 3 L.R.A., N.S., 762.

The test of whether or not one is practicing medicine within the meaning of Section 458.13, is whether or not he holds himself out as being able to "diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, or who shall offer or undertake by any means or method to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition." Other provisions of the same section define exceptions to the main provisions of the act but it is not necessary to repeat them.

The respondent, Gubern, does not come within this test. It is alleged that he works under the direction of Dr. Winton and Dr. Robles, that he carries out their orders and is in no sense responsible for the policy of the hospital or the manner in which patients are diagnosed or treated. That he charges no fees and has no fixed compensation, that he is there to take orders and acquire practical experience under the direction of the medical staff and under no theory could be construed as one holding himself out as a practitioner.

Certiorari is denied and the decree of the chancellor is affirmed.

THOMAS, C. J., BUFORD, ADAMS and BARNS, JJ., and McNEILL, Associate Justice, concur.

CHAPMAN, J., concurs in part and dissents in part.

CHAPMAN, J., concurring in part and dissenting in part:

I concur in that part of the opinion and judgment as prepared by Mr. Justice Terrell which sustains the petition filed in the court below praying for a declaratory decree and judgment. I dissent from that part of the opinion and judgment holding that a court of equity has the power to enjoin and restrain the County Solicitor of Hillsborough County, Florida, from proceeding in the prosecution of the respondent for violating the criminal laws of Florida. Section 27 of Article V of the Constitution of Florida creates or establishes the office of County Solicitor. Section 28 of Article V of the Florida Constitution provides that the County Solicitor shall prosecute all offenses triable in the Criminal Court of Record of Hillsborough County upon information. Section 2 of Article XVI of the Florida Constitution prescribes the form of oath that shall be taken by the State and County officials, and in part is viz: "I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and the State of Florida; that I am qualified to hold office under the Constitution of the State and I will well and faithfully perform the duties of _____ on which I am about to enter. So help me God."

We have in an unbroken chain of decisions held that a court of equity will not enter a restraining order where the complaining party has a full, adequate and complete remedy at law. Chapter 458, Fla. Stats. 1941 (FSA) does not, in my opinion, change this rule. It is my opinion that the sworn constitutional duty of the County Solicitor is to prosecute all persons for the violation of all criminal cases arising in Hillsborough County of which the Criminal Court of Record has jurisdiction.

I think the petition for certiorari should be granted in part, and that portion of the challenged order restraining

the County Solicitor of Hillsborough County from prosecuting the respondent should be quashed. I think the petition for certiorari otherwise should be denied. I concur in the opinion as prepared by Mr. Justice Terrell, with the modifications above set forth.

30 So. (2nd) 307                                              January Term, 1947
April 29, 1947                                              Special Division B