74 So.2d 694 (1954)
J.A. RIVIERE, Appellant,
v.
ORLANDO PARKING COMMISSION FOR THE CITY OF ORLANDO, Florida, and City of Orlando, Florida, a Florida Municipal Corporation, Appellees.
Supreme Court of Florida. Special Division A.
September 24, 1954.
*695 Sanders, McEwan & Berson, Orlando, for appellant.
Baker & Thornal, Orlando, for appellees.
Akerman, Dial & Akerman, Orlando, amicus curiae.
TERRELL, Justice.
This is a suit for declaratory decree on the part of the City of Orlando and the Orlando Parking Commission to determine their authority to make and execute certain agreements, all of which are attached to and made a part of the Complaint and will be discussed later. The defendant filed an answer in which he admits the material allegations of the Complaint but says he is likewise in doubt as to his position and the legal rights of the parties to the cause. The Chancellor found for the plaintiffs and decreed accordingly. The defendant appealed.
The question for determination is whether or not appellees are authorized to acquire land and establish off-street parking facilities for the convenience of the inhabitants of the City of Orlando where the purchase or exchange price of such land is in excess of $50,000.
The answer to this question turns on the interpretation of Chapter 13205, Sp.Acts of 1927, Chapter 26089, Sp.Acts of 1949, and Chapter 26918, Acts of 1951, F.S.A. § 183.01 et seq., all of which are local acts that relate to the power of the City of Orlando except Chapter 26918, Acts of 1951, which is a general act applying to all municipalities. Chapter 26089, Sp.Acts of 1949, authorizes the City Council of Orlando to create by ordinance the Orlando Parking Commission, to provide for designation of the members of said commission, and to clothe them with power to investigate, collect and correlate data, to plan, locate, design, construct, acquire land by lease or purchase for parking facilities of any kind of vehicle, and to enter into all such contracts as are necessary to execute the powers under said act.
Chapter 26918, Acts of 1951, was a general act applicable to all municipalities in the state. It clothed them with all the powers previously conferred on the City of Orlando by Chapter 26089, Sp.Acts of 1949, and others, among which was to issue revenue bonds of the municipality to bear the cost of such construction, improvement or enlargement. The 1951 Act furnished an additional or alternative remedy to supplement the powers conferred by the city charters or by local acts previously enacted by the legislature, as illustrated by the instant case of Orlando and its 1949 local act. A study of the cited acts gives a good picture of the evolution of the parking problem in the more congested areas of the state, which has become one of the most pressing problems of cities everywhere.
*696 Pursuant to Chapter 26089, Sp. Acts of 1949, and Chapter 26918, Acts of 1951, the City of Orlando, acting through its Parking Commission, entered into negotiations with the Seaboard Airline Railroad Company for the acquisition of certain property known as the "Old Location." In order to perfect an exchange to acquire said property for off-street parking purposes the Parking Commission also entered into contract with J.A. Riviere for certain property. These are the contracts referred to in the forepart of this opinion. It is clear from the complaint that the necessary land would be acquired and paid for from sources other than ad valorem taxes and that the off-street parking facilities would be financed from the proceeds of revenue bonds authorized by Chapter 26918, Acts of 1951. It is our view that the pleadings, the acts brought in question, and the contracts involved present a case for adjudication under Chapter 87, Florida Statutes 1953, Declaratory Judgments Act F.S.A. The contracts and the terms of the statutes involved were ample to create doubt as to equities and rights of the parties to the cause. Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, Watson, Attorney General v. Centro Espanol De Tampa, 158 Fla. 796, 30 So.2d 288.
The Chancellor found in substance that the Parking Commission created pursuant to ordinance of the City of Orlando under Chapter 26089, Sp.Acts of 1949, was legally constituted and authorized to exercise all the powers granted it under the said act. He further found that it was not necessary, regardless of purchase price, to obtain the approving vote of a majority of the qualified electors owning real estate in the city in that the City of Orlando had authority under Chapter 26918, Acts of 1951, to provide off-street parking facilities regardless of any conflicting or inconsistent provisions of the city charter, the said act by its terms being cumulative, alternative and in addition to any other powers granted to municipalities.
This Court is committed to the doctrine that provision for off-street parking facilities is an exercise of the police power and has approved bond issues for that purpose. Gate City Garages v. City of Jacksonville, Fla., 66 So.2d 653. See also City of Lake Alfred v. Lawless, 102 Fla. 84, 135 So. 895 and Herbert v. City of Daytona Beach, 121 Fla. 212, 163 So. 565, for support of this and other phases of this case.
We hold that Chapter 26918, Acts of 1951, insofar as it provides for off-street parking facilities to be financed by the issuance of revenue bonds as provided in said act is not restricted by the limitation contained in the local act, Chapter 13205, Sp. Acts of 1927, one of which restrictions requires approval of a majority of the qualified freeholders of the city when a purchase of land exceeds $50,000.
Since no ad valorem tax is involved and for the reasons ably stated by the Chancellor, the decree is affirmed.
Affirmed.
ROBERTS, C.J., and THOMAS and MATHEWS, JJ., concur.