THORNAL, Justice.
Appellee, Arlene M. Cook, alleging her•self to be a freeholder of the City'of Or-mond Beach, filed a. complaint, for a declaratory decree, seeking a declaration of her rights under certain statutes hereinafter ■cited and a certain resolution of the Board of- Managers of the City hereinafter quoted.
• We seriously doubt the propriety of initiating this proceeding under Chapter 87, Florida- Statutes 1953, F.S.A., generally known as the Declaratory Judgment Act. The appellee who was 'plaintiff below, by her -complaint, alleged no doubt whatever as to her legal position as a taxpayer but on the contrary merely asserted that the action taken by the appellant City was invalid and should be so declared. However, in. view of the fact that this cause presents a question of some public importance, we will proceed to dispose of it on .the merits.
On Febrtiáry 2, 1954, the Board of Managers of the City of Orimond Beach took thfe following action, as reflected by the complaint, to wit:
. “Motion jnade by Manager Bridges and seconded by Mgr.- Williams that the City Clerk, City of Ormond Beach, be instructed to withhold-. granting of any assignment of tax certificates on delinquent taxes until further notice from the Board of Zone Managers.”
The appellee contended by her complaint that this action placed an undue ■burden1 upon her as a taxpayer and others similarly situated in that the City should have proceeded to sell the delinquent tax certificates at public auction as required by Chapters 193 and 194, Florida Statutes 1953, F.S.A., and, in particular,.by Sections 194.-06, 194.45 and 193.62, Florida Statutes, F.S.A. Appellee further contended that her position was strengthened by Section 101 of Chapter 15401, Sp.Laws of Florida 1931, which is the charter of the City of Ormond Beach, and which reads as follows:
“Collection of Taxes — Tax Sales, The City Auditor, Clerk and Collector shall, unless otherwise provided, proceed substantially in the same manner in the collection of taxes, and sale of lands and personal property for nonpayment of taxes and licenses as do State Collectors under the state law, and shall be subject to the same penalties as are prescribed by 'the laws of Florada for any violation- of the duties imposed upon him by this charter.”’
Appellee alleges that the failure' to sell the delinquent tax certificates - amounting in value to a- Sum estimated to be $82,000, to- that extent increases- the tax burden upon herself and other taxpayers. She further claims that she is bringing this proceeding -in the interest of all of the taxpayers of the City, and that if she is successful, the taxpayers generally will benefit. Consequently, . she claims ' that • the City should be required to pay her attorney a fee equal to one-third of the monies recovered on behalf of the appellee and others in accord with an agreement which she had made with her attorney to this effect. On motion of appellant the Chancellor struck from the complaint the allegations relating to the attorney’s fee.
After a motion to dismiss was denied, the appellant City filed an answer which in substance stated that the City contemplated following the procedure established by Chapter 173, Florida Statutes 1953, F.S.A., rather than the procedure authorized by Chapters 193 and 194, Florida Statutes 1953, F.S.A. It will be found upon examination that said Chapter 173, Florida Statutes, F.S.A., authorizes the foreclo *483 sure of municipal tax' certificates rather than the sale thereof at-public outcry. Section 173.14, Florida Statutes, F.S.A., reads as follows:
“This chapter shall not repeal any other statute relating to the-subject matter hereof, but shall be deemed »to provide a supplemental, additional and alternative method of enforcement of tax liens and special assessments for the benefit of g.11- incorporated cities or towns of the state of Florida, whether organized under special act or general laws, and shall b‘e liberally conátrued to effectuate its purpose.”
The answer sets forth various reasons why the City Board of Managers took the action about which the appellee complained and attaches a copy of a resolution of the Board adopted on March 16, 1954, directing the City Attorney to proceed to foreclose delinquent tax certificates under the aforesaid Chapter 173, Florida Statutes,’ F.S.A.
The cause was heard by the Chancellor ón a motion for decree on bill and answer which, motion was granted, the Chancellor finding that the action of the Board of Managers under date of February 2, 1954, was null and void and the City Clerk of the City of Ormond Beach was ordered to proceed with the sale of city tax certificates.
Appealing from the order of the Chancellor the appellant assigns as error the denial of its motion to' dismiss and the entry of the final order declaring invalid the February 2, 1954 action of the City Board of Managers and the ordering of the sale of city tax certificates.
The appellee by cross-appeal- contends that the Chancellor committed error in sustaining the motion’ to strike the allegations of the complaint with reference to her claim, for an attorney’s fee. It should be observed that -the pleadings' áre devoid ■ of any showing whatsoever that the decisioh of the Board of: Managers to follow Chapter 173, Florida Statutes, F.S.A,, was.in any manner tainted.with fraud, neglect of duty, abuse of power, .or flagrant disregard of the public welfare. From all that appears from the record their conduct.was influenced by their conception of appropriate steps.to be-takenin the-public interest in the matter of the’ enforcement of delinquent tax liens. See Ranger Realty Company v. Miller, 102 Fla. 378, 136 So. 546.
Chapter 173, .Florida Statutes, F.S.A., offered to the City officials an additional and alternative method of enforcing municipal tax liens. They were not bound to follow the provisions of. Section 101 of Chapter 15401, Sp.Laws of Florida 1931, nor were they bound in the exercise of their discretion to follow the -procedure offered by Chapters 193 and 194, Florida Statutes, F.S.A.’ We find no inconsistency between the remedies available under Chapter 173, .Florida Statutes, F.S.A., and the remedies available under .the other acts cited. Both procedures,can be permitted to stand and the City officials, in the appropriate exercise of their discretion, may follow either of them. See State ex rel. Van Ingen v. City of Panama City, 126 Fla. 776, 171 So. 760; City of Lake Alfred v. Lawless, 102 Fla. 84, 135 So. 895.
In view of the alternative procedures offered to the City officials.and their decision to follow .the remedy available under Chapp ter -173, Florida Statutes, F.S.A.,-.we find that they had the authority to take the. action of February 2,. 1954, about which the appellee complained and, therefore, . the Chancellor committed error- in the entry .of the final decree on bill.and answer-declaring the conduct of the City to be invalid and ordering the sale of- the City tax--certificates. . t , >
Having determined the basic question, we further- find, that the-Chancellor was correct in sustaining" the motion to strike the allegations of the complaint with reference to the attorney’s fee. This is not’ a class suit involving a specific fund for the benefit of specific members of the class as was the case in Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188. We find no basis in this record for allowing the appellee to. collect an attorney’s fe.e from the appellant City.
*484 The order of the lower Court sustaining the motion to strike is, therefore, affirmed, but the final decree is reversed for further proceedings in accordance with this opinion.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.