THORNAL, Justice.
The State, acting through the State Attorney, seeks reversal of a decree validating an issue of revenue bonds.
By an ordinance enacted July 11, 1955, the City authorized the issuance of $2,180,-000 Utility Sewer Revenue Bonds, the proceeds of the sale of which are to be used to refund $207,000 of outstanding Utilities *136 Service Tax Certificates, and to finance the cost of acquisition and construction of improvements to a municipal sanitary sewer system. It is proposed that the bonds shall be paid out of the net revenues to be derived from the operation of the sewer system in the form of sewer service charges and from the proceeds of Utilities Service Taxes levied and collected pursuant to Chapter 22829, Laws of Florida 1945, as amended F.S.A. § 167.431. The ordinance provides that the bonds 'are to be issued in accordance with the provisions of Chapter 184, Florida Statutes, F.S.A.
We have considered the several points made for reversal but the only one that causes us any concern is the effect of Section 6, Chapter 24528, Laws of Florida, Special Acts of 1947, as amended, which places a specific restriction on the use of the proceeds of Utilities Service Taxes levied by the City of Fort Pierce. Section 6, Chapter 24528, Laws of Florida, Special Acts of 1947, as amended, reads in part as follows:
“The City Commission of the City of Fort Pierce, within the limitations of this Act, shall have the power by ordinance in its discretion to levy an excise tax upon the gross sale, or purchases or consumption with the City, of electric lights, electric power, water, telephone service or any services rendered by any person, firm or corporation operating public- utilities, including the City of Fort Pierce, to fix the rate of taxation on 'the sales or purchases or consumption of said commodities .-or said services within the power of selection of the sales or purchases or consumption of said commodities or services to be so taxed, and with the power to fix the rate of tax to be paid upon the sales or purchases or consumption' of the said commodities or services so taxed; provided that the said excise tax shall be paid only'for the purpose of paying the necessary operating expense of the City and none of the funds raised by said tax shall be used for the payment of debts of the City..’ (Emphasis ours.)
To support the decree of validation the appellee contends that Chapter 22829, Laws of Florida 1945, which is the general law authorizing cities to collect utilities service taxes and the quoted provision of the city charter actually authorize two separate and distinct taxes and that the tax pledged to the bonds was levied under the general act which places no restriction on the use of the proceeds of the tax levied under that act. While the argument is ingenious, a careful examination of the briefs fails to reveal any citation of authorities that support the position of the appellee. Reluctant as we are to disturb a plan of financing which municipal authorities have, in their wisdom, declared to be for the benefit of the municipality, we cannot escape the' clear and specific language of the city charter.
It should be observed that the special charter act was enacted subsequent to the general Utilities Service Taxes Act. Instead of the case being one in which two separate taxes are authorized, it is obviously a situation in which the general law and the subsequent special law authorize the same tax and insofar as the two laws are inconsistent, the subsequently enacted special law would prevail. See Sanders v. City of Coleman, 143 Fla. 455, 196 So. 822.
We have traced the legislative history of the above quoted provision of Section 6, Chapter 24528, Laws of Florida, Special Acts of 1947, as amended. We find that this provision in substantially its present form first appeared in the Charter of the City of Fort Pierce in 1933. See Chapter 16428, Laws of Florida, Special Acts of 1933. It appears to have been omitted in a charter amendment in 1939. See Chapters 19835 and 19836, Laws of Florida, Special Acts of 1939. Certainly it was clearly restored to the charter-in 1941 and specifically preserved in an amendment of 1943. See Chapter 21239, Laws of Florida, Special Acts of 1941, and Chapter 22296, Laws of Florida, Special Acts of 1943. Then came Chapter 22829, Laws of Florida 1945, which is the general law on Utilities Service Taxes. If the matter had rested there, the provisions of Section 2 of Chapter *137 22829, of the 1945 general act, probably would have superseded the restrictions in the local laws theretofore existing by virtue of the expressed intent of the Legislature that such restrictions be superseded. Unfortunately, for the appellee, however, its charter was thereafter specifically amended by Chapter 24528, the local act of 1947, applicable only to the City of Fort Pierce. By this act the Legislature again placed this restrictive provision in the city charter, subsequent to the enactment of the general law, thereby limiting the use of the proceeds of the Utilities Taxes to operating expenses of the City. We are, therefore, forced to the inescapable conclusion that the charter of the City of Fort Pierce in its present form requires that the proceeds of a tax of this nature be used for operating expenses and not for debt service requirements.
When the City of Fort Pierce had its municipal charter re-written by the act of 1947, certainly the Legislature must have been aware of the authority .granted to municipalities to collect utility service taxes in accordance with the general act of 1945. It is likewise equally clear that those who passed the charter act undoubtedly intended that the proceeds of the utilities tax so far as Fort Pierce is concerned could be used only to pay necessary operating expenses of the City and could not be used as a pledge to liquidate the bonded debts of the City. In so doing they exercised a legislative power vouchsafed by the Constitution.
It is not the province of this Court to rewrite the acts of the Legislature. Relief against the restrictive provisions must necessarily come from the legislative rather than from the judicial branch of the government. Four sessions of the Legislature have been held since the local act of 1947 was enacted. The charter has been amended in four particulars but the provision above quoted has never been changed. This is some evidence that it evidently meets a local need.
Because of the specific charter restriction above quoted, we hold that the City of Fort Pierce has no authority to pledge the proceeds of Utilities Service Taxes to support an issue of bonds to raise funds for the construction of sanitary sewers.
Holding as we do, the decree appealed from must necessarily be reversed. '
DREW, C. J., HOBSON, J., and PATTERSON, Associate Justice, concur.