PER CURIAM.
The appellants have requested review of an order of the Circuit Court of Dade County, entered February 29, 1968, by which it was ordered that a prior injunction remain in full force and effect. The initial suit for injunctive relief was filed by the appellee, and was immediately followed by a petition for certiorari directed to the circuit court. The certiorari proceedings were held on the issue of whether due process was afforded the appellee in a certain administrative hearing which led to the issuance of a Cease and Desist Order being directed to the appellee’s fat-processing business. After certiorari proceedings, the court issued its injunction which enjoined the appellant, its boards, officers and agencies, and other persons acting by or for the appellant, from enforcing the Cease and Desist Order or otherwise interfering with or prosecuting the appellee in its operation and conduct of business.
When ruling on the subsequent motion to dissolve such injunction, the chancellor was aware that criminal proceedings were pending as to the same subject matter in another court. Nevertheless, he held that such criminal proceedings came within the purview of the existing injunction and ordered them enjoined. We agree with the appellee’s position that equity powers may be applied to restrain criminal prosecutions under unconstitutional acts when essential to safeguard personal or property *475 rights. Watson v. Centro Espanol De Tampa, 158 Fla. 796, 30 So.2d 288.
However-, it is our holding that the entire cause be remanded to the chancellor so that he may rule upon the issue of whether the pollution control ordinance, Metropolitan Dade County Code § 24-5, ¶ 13, is itself constitutional, since such ruling will be in the better dispositive interests of the parties.
Remanded with directions.