HUBBART, Judge.
This is an appeal by the defendants from a post-trial order denying their supplemental motion to tax costs against the plaintiff’s counsel following a defense jury verdict in a wrongful death action. The central issue presented for review is whether plaintiff’s counsel is personally liable to the defendants for all costs [here $16,459.05] *613 subsequently adjudged against the plaintiff following a defense verdict in the case where, as here, the plaintiff is a non-resident of Florida who fails to post a $100 cost bond conditioned to pay costs which may be adjudged against him in his lawsuit as required by Section 57.011, Florida Statutes (1987). We hold that under the above statute the plaintiffs failure to post the statutory cost bond requires plaintiffs counsel to stand in the absent surety’s shoes — so that plaintiffs counsel is personally liable for the costs adjudged in the cause against the plaintiff, but only up to and including the maximum amount of the unposted cost bond, to wit: $100. We, accordingly, reverse the post-trial order under review and remand the cause to the trial court with directions to enter an order taxing costs against plaintiffs counsel in the amount of $100.
I
The plaintiff Diane I. Carvalho filed a wrongful death action as the surviving spouse and executrix of the estate of her late husband, Fred L. Carvalho, who died in a scuba diving accident in the Florida Keys; both the plaintiff and her late husband were New Jersey residents. The action was originally brought against the defendants [Lady Cyana Divers, Inc., Joan Marie Folmer Wright, and Peter R. Smyth] in the circuit court in Dade County. Upon the defendants’ motion, however, the venue of the action was transferred to the circuit court in Monroe County where the case was tried before a jury and a defense verdict returned. The defendants thereupon filed a post-trial motion to assess costs against the plaintiff in the action; the trial court granted this motion and adjudged the plaintiff, as executrix of the estate of Fred L. Carvalho, liable for $16,459.05. The defendants then filed a supplemental motion to assess the $16,459.05 in costs against the plaintiff’s counsel, George Vogelsang and The Vogelsang Law Firm, pursuant to Section 57.011, Florida Statutes (1987). The trial court denied this motion, and the defendants appeal therefrom.
II
Section 57.011, Florida Statutes (1987), provides as follows:
“When a nonresident plaintiff begins an action or when a plaintiff after beginning an action removes himself or his effects from the state, he shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him in said action in the court in which the action is brought. On failure to file such bond within 30 days after such commencement or such removal, the defendant may, after 20 days’ notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney.” (emphasis added).
The obvious purpose of this statute is to protect prevailing defendants against suits brought by nonresident plaintiffs, so that such defendants are guaranteed up to $100 of their costs in the action. The nonresident plaintiff is required to “file a bond with a surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him in said action in the court in which the action is brought.” § 57.011, Fla.Stat. (1987). If the plaintiff fails to file such a $100 cost bond within the prescribed time period, the statute gives the defendant one of two alternative remedies to enforce his bondable cost guarantee. First, the defendant “may, after 20 days’ notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action,” § 57.011, Fla.Stat. (1987); presumably, the plaintiff, in response to the subject motion, must either post the required $100 cost bond or risk a possible dismissal of his action. Second, the defendant “may hold the attorney bringing the action or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney,” § 57.011, Fla.Stat. (1987) (emphasis added); this alternative remedy also protects the defendant by requiring the plaintiff's attorney to stand in the ab *614 sent surety’s shoes and pay for “such costs,” that is, the $100 in costs which should have been bonded by the plaintiff.
The defendants, however, urge that the statute should be construed to give them, in effect, a windfall. They argue that if the plaintiff fails to file a cost bond which would have secured only $100 of their costs, they may, after a defense verdict, hold the plaintiffs lawyer personally liable for all of their costs, including their non-bondable costs, which in this case amounts to $16,459.05. We cannot agree. Clearly, the statute does not require the plaintiffs attorney to pay the defendant for those costs as to which the defendant was never entitled to a bonded security in the first instance; this remedy was plainly designed to make the defendant whole for his costs which should have been bonded by the plaintiff, not to give the defendant greater security than he otherwise would have had if the bond had been posted.
We recognize that Section 57.011, Florida Statutes (1987), affords prevailing defendants little secured protection as to costs in lawsuits brought by nonresident plaintiffs. The statute was originally enacted in 1828 by the Florida territorial legislature when a $100 cost bond was more than sufficient to cover all of the defendant’s costs in a typical lawsuit. Act of Nov. 23, 1828 § 8, Fla.Laws (Duval 1840); see § 1301, Fla.Rev.Stat. (1892). The Florida legislature, however, has not seen fit to increase the amount of this bondable protection notwithstanding the ravages of inflation since 1828. Nonetheless, we do not think that this court by judicial fiat should stand the statute on its head and give the defendants greater secured protection than that which the statute plainly affords. Any changes in this respect should be accomplished by the legislature and not by this court. See State v. City of Ft. Pierce, 88 So.2d 135, 137 (Fla.1956); Webb v. Hill, 75 So.2d 596, 605 (Fla.1954); Beach v. Kirk, 138 Fla. 80, 95, 189 So. 263, 269 (1939); Silverstein v. Wakefield, 112 So.2d 406, 408 (Fla. 3d DCA), cert. denied, 115 So.2d 416 (Fla.1959).
The post-trial order denying the defendants’ supplemental motion to assess costs against plaintiff’s counsel is reversed, and the cause is remanded to the trial court with directions to enter an order assessing costs against plaintiff’s counsel in the amount of $100.
Reversed and remanded.