MORRIS, Judge.
US Bank,. N.A., appeals an order that dismissed with prejudice its complaint for mortgage foreclosure because U.S. Bank’s nonresident cost bond was paid by U.S. Bank’s counsel. On appeal, U.S. Bank argues that an attorney may file a nonresident cost bond on behalf of a client and that such practice does not violate the prohibition, against an attorney’s acting as a surety for his client. We agree and reverse the order of the circuit court.
I. Facts
On December 27, 2006, U.S. Bank filed its complaint to enforce a promissory note and to foreclose a mortgage on property owned by appellees William ‘ Boyer and Linda Elswick. The matter was set for trial on April 24, 2012, but on April 6, 2012, Boyer filed a request for U.S. Bank to post a nonresident cost bond pursuant to section 57.011, Florida Statutes (2011). On April 9, 2012, U.S. Bank’s attorney advanced his own funds and posted the nonresident cost bond of $100 by submitting a check in the amount of $108.50 to the clerk of the circuit court, which included $8.50 for the processing fee.
On April 24, 2012, the day the trial was scheduled to begin, Boyer filed a motion to *998 strike the cost bond and to dismiss the case with prejudice. Boyer argued that the nonresident cost bond was defective because it violated the rules against an attorney’s acting as a surety for his or her client. See § 454.20, Fla. Stat. (2011); Fla. R. Jud. Admin. 2.505(c). Boyer also asserted that the complaint should be dismissed with prejudice because the statute of limitations for U.S. Bank’s claim had expired. The circuit court continued the trial until June 1, 2012, at which time the circuit court first heard Boyer’s motion to strike the cost bond and to dismiss the case. At the hearing, Boyer argued that U.S. Bank’s bond was defective because its attorney unlawfully acted as its surety and, alternatively, that if U.S. Bank’s attorney was not the surety, then no bond for U.S. Bank was posted because U.S. Bank did not sign it. Boyer asserted that U.S. Bank was required to obtain a bond from a surety insurer. In response, U.S. Bank argued that a nonresident cost bond is different from the type of official bond with surety contemplated in section 454.20. US Bank also pointed out that under section 57.011, its counsel could be liable for $100 of the defendants’ costs if U.S. Bank did not file a nonresident cost bond. After hearing argument from both parties, the circuit court granted the motion to dismiss with prejudice “on the basis of’ sections 57.011 and 454.20.[1]
II. Analysis
We review de novo the circuit court order dismissing the complaint, which was based on an interpretation of two statutes. Execu-Tech Bus. Sys., Inc. v.. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000); Taurus Stornoway Invs., LLC v. Kerley, 88 So.3d 840, 842 (Fla. 1st DCA 2010).
On appeal, U.S. Bank argues that the bond in this case was a cash bond and not a surety bond ' and that rather than a pledge of a surety, U.S. Bank properly deposited $100 with the clerk of the court. Section 57.011 provides that
[wjhen a nonresident plaintiff begins an action ..., he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought.
(Emphasis added.) Section 45.011, Florida Statutes (2011), defines a “bond with surety” as
[1] a bond with two good and sufficient sureties, each with unencumbered property not subject to any exemption afforded by law equal in value to the penal sum of the bond or [2] a bond with a licensed surety company as surety or [3] a cash deposit conditioned as for a bond.
The “bond with surety” in this case was a “cash deposit conditioned as for a bond.” US Bank’s attorney did not act as a surety as contemplated by the first two types of bonds in section 45.011; instead, U.S. Bank’s attorney, acting as U.S. Bank’s agent, advanced a cash deposit of $100 to serve as the third type of “bond with surety” described in section 45.011. This was proper. See Romine v. Horobin, 139 Fla. 103, 190 So. 508, 508 (1939) (holding that such a cost bond “may be filed by the plaintiff, his agent, or attorney” and that bond filed by “plaintiffs attorney” in that case was sufficient).
Boyer convinced the circuit court that the attorney’s posting of the $100 bond violated the rule in section 454.20 that “[n]o attorney shall become surety on the official bond of any state, county, or munic *999 ipal officer of this state, nor surety on any bond of a client in judicial proceedings.” See also Fla. R. Jud. Admin. 2.505(c) (“No attorneys or other officers of court shall enter themselves or be taken as bail or surety in any proceeding in court.”). We disagree and hold that section 454.20 was not violated in this case. US Bank’s attorney did hot act as the surety on the bond; rather, the $100 posted with the clerk of the circuit court acted as the surety, or security, for the bond. See Black’s Law Dictionary 1579-80 (9th ed. 2009) (defining surety as, among other things, “[a] person who is primarily liable for paying another’s debt or performing another’s obligation” or “[a] formal assurance” such as “a pledge, bond, guarantee, or security given for the fulfillment of an undertaking”); see also State of Florida ex rel. Florida Bar v. Oxford, 127 So.2d 107, 109 (Fla.1961) (considering the issue of whether an attorney was improperly acting as a surety where he advanced cash for the release from custody .of his client who was charged with a municipal offense and holding that attorney’s action “amounted to nothing more than payment of one’s fine or the loan of funds,” that attorney “did not secure any interest in the litigation,” and that attorney “did not become surety on any bond or any undertaking”).
US Bank’s attorney simply advanced the nonresident $100 cost deposit required by section 57.011, along with the $8.50 processing fee. Attorneys routinely advance their client’s costs and in doing so do not violate section 454.20. Rule 4-1.8(e)(1) of the Rules Regulating the Florida Bar specifically provides that “a lawyer may advance court costs and expenses of litigation,” even where, unlike in the instant case, “the repayment of which may be contingent on the outcome of the matter.” And according to the language of section 57.011, U.S. Bank’s attorney could have been personally responsible for this amount if U.S. Bank had not posted the bond and defendants had obtained a judgment against U.S. Bank.. See § 57.011 (providing that if the plaintiff does not file the bond after receiving notice from defendant, defendant may “move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney”); Lady Cyana Divers, Inc. v. Carvalho, 561 So.2d 612, 613-14 (Fla. 3d DCA 1990) (noting that when a defendant does not move to dismiss under section 57.011 but rather obtains a cost judgment against the plaintiff, the plaintiffs attorney may be personally liable for $100 in costs incurred by the defendant).
III. Conclusion
We hold that U.S. Bank’s attorney’s payment of the funds required for the nonresident cost bond does not violate the prohibition against an attorney’s acting as surety for his client. Accordingly, we reverse the order dismissing U.S. Bank’s complaint and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., and VILLANTI, J., Concur.

. Boyer argued that the complaint should be dismissed with prejudice because the statute of limitations had expired, but it appears that the circuit court concluded that the dismissal with prejudice was dictated by section 57.011.