WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, and BUFORD, JJ., concur.

## CITY OF DE LAND v. FLORIDA PUBLIC SERVICE CO.

Supreme Court of Florida.
May 21, 1935.

Hull, Landis & Whitehair and D. C. Hull, all of De Land, for appellant.

J. E. Futch and Scarlett & Futch, all of De Land, and E. W. & R. C. Davis, of Orlando, for appellee.

DAVIS, Justice.

This is a companion case to that of City of De Land v. Florida Public Service Co., 161 So. 735, just decided. The court below perpetually enjoined a revenue ordinance of the city of De Land levying a 5 per cent. gross receipts tax on sales of natural or manufactured gas, and on telephone service, with a provision in the ordinance to the effect that the tax so imposed should in no case be passed on by the seller to the consumer and collected from the consumer, and that, in addition thereto, no seller of gas or telephone service in the city of De Land should at any time increase the rates then in effect and being charged to consumers in the city of De Land for such gas and/or telephone service.

The ordinance so enjoined was as follows: "An Ordinance Levying a Tax on Sales of Gas (Natural or manufactured) and Telephone Service, Providing for the Collection of such Tax and Prescribing Penalties for the Violation of the Provisions of such Ordinance.

"Be It Ordained by the City Commission of the City of DeLand:

"Section 1. That there is hereby levied by the City of DeLand, on each and every sale in said City of Gas (natural or manufactured) or telephone service, a tax equal to five per cent of the charge made by the seller of such gas or telephone service, as the case may be, which tax shall in every case be paid by the seller to the City of DeLand not less often than monthly.

"Section 2. That each and every seller of gas (natural or manufactured) or telephone service, in respect of sales of which a tax is hereby levied, shall keep complete records showing all sales of gas (natural or manufactured) or telephone service in said City, which records shall show the price charged upon each sale, the date thereof and the date of payment thereof, and shall at all reasonable times be open for inspection by the duly authorized agents of said City, who shall have authority to make such transcripts thereof as they may desire.

"Section 3. That the tax hereby levied on sales of gas (natural or manufactured) and telephone service, shall apply to all sales of gas (natural or manufactured) and telephone service, whether delivered through the medium of a meter or other measuring device, or otherwise, to premises located in the City of DeLand.

"Section 4. That in all cases where the seller of gas (natural or manufactured) or telephone service, collects the price thereof at monthly periods, the tax hereby levied shall be computed on the aggregate amount of sales to each consumer during such period, provided that the amount of tax to be paid to the City shall be the nearest whole cent to the amount computed.

"Section 5. That the tax hereby imposed shall apply to sales of gas (natural or manufactured) and telephone service, to the City of DeLand, to the same extent as in the case of any other consumer of gas (natural or manufactured) or telephone service.

"Section 6. That the tax hereby imposed shall be paid by the seller to the treasurer and collector of said City monthly, in the manner following: on or before the 15th day of each month, the seller shall report in writing under oath, to the City Manager of said City of DeLand, an itemized list of all consumers of gas (natural or manufactured) or telephone service, as the case may be, in the City of De Land, giving in each instance the amount paid by each consumer of gas (natural or manufactured) or telephone service, in said City for the preceding month, together with all amounts paid for gas (natural or manufactured) or telephone service, used during the preceding months which were unpaid at the time of rendering previous reports, and said seller, at the respective times of rendering such monthly reports shall in each such case pay to the treasurer and collector of said City the amount shown to be due the City by said report, and the treasurer and collector of said City shall issue receipt therefor.

"Section 7. That any seller of gas (natural or manufactured) or telephone service, or any person, persons, firm or corporation, or any officer, agent or representative of any person, persons, firm or corporation, wilfully failing or refusing to pay the tax hereby imposed, or violating any of the provisions of this ordinance, shall be subject to a fine of not more than One Hundred ($100.00) Dollars, or

to imprisonment for not more than thirty days, or to both such fine and imprisonment, for each and every violation.

"Section 8. That if any section, portion or clause of this ordinance shall be void, inoperative or unconstitutional, for any reason, such invalidity or unconstitutionality shall not affect or invalidate the remaining portions thereof.

"Section 9. That the tax hereby imposed is placed upon the seller, and shall in no case be passed on by the seller to the consumer and collected from the consumer, and no seller of gas (natural or manufactured) or telephone service, in the City of DeLand, shall at any time increase the rates now being charged to consumers in the said City of DeLand.

"Section 10. That all ordinances and parts of ordinances in conflict with the provisions of this ordinance be and the same are hereby repealed.

"Section 11. That this ordinance is hereby declared to be an emergency measure and that the same shall take effect immediately upon its passage and approval by the Mayor.

"Section 12. That a copy of this ordinance shall be posted in two public places in the City of DeLand within ten days after the passage thereof.

"Passed by the City Commission this 12th day of July, A.D. 1933."

 What we have held in the companion case is applicable to this case. And for the reasons therein set forth the decree herein must be affirmed on the authority of the decision of City of De Land v. Florida Public Service Co., 161 So. 735, decided at the present term.

What controls our judgment in cases like this involving the attempted imposition of taxes of the character here brought into controversy is the underlying reality of the tax ordinance rather than the form or label of the challenged tax.

Each and every of the divers and corelated sections of a municipal taxing ordinance must be viewed in combination with the cumulative significance that each imparts to all. If, when so viewed, they are seen to combine in a result which would be the imposition of a form of taxation by the municipality that it has not yet been authorized by the Legislature to resort to under its charter, the resultant tax will be held forbidden and its collection enjoined.

The provisions of section 9 of the tax ordinance here dealt with tend to make effective two purposes: (1) They operate to forbid the passing on of any part of the tax to the ultimate consumer directly. Such inhibition is not per se invalid, nor do we intend in this case to so hold. This is true, because the legislative and taxing authority of a city may decide that the public welfare will be better subserved by enforcing a public policy of concealing the incidence of a particular transaction tax imposed; (2) they forbid the indirect passing on to the consumer of any part of the amount of the tax, no matter what its effect may be on the net revenues or profits of the seller or producer. By so doing, the ordinance infringes upon the taxed seller's constitutional right to seek a readjustment of its rates and charges so as to enable it to continue to do business at a profit—a readjustment that may or may not be necessary, depending upon the financial condition of the seller's net revenues left over after paying the amount of the tax out of its gross revenues derived from its rates in existence at the time the taxing ordinance was promulgated.

Thus the so-called sales tax, while in form an excise tax on the company's privilege as a public utility, is converted by section 9 of the challenged ordinance into substantially a direct burden on the company's gross revenues, whether such revenues reflect a profit or a loss in the company's business. So the tax as thus imposed is nothing more nor less in its practical operation and effect than a direct gross income tax on the gross revenues of the corporation, and, as such, is beyond the power and authority of the city of De Land to impose and collect under the limitations of state law and the terms of its charter as they now exist. So the decree appealed from is correct, and should be upheld.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, and BUFORD, JJ., concur.