STATE, *ex rel.* F. E. SCOTT, F. E. GLASS and B. O. O'STEEN,
v. C. E. CHRISTENSEN, as Sheriff of Martin County.

170 So. 843.
Opinion Filed November 23, 1936.

*Evans Crary,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant Attorney General, *Angus Sumner,* State Attorney, and *E. D. Sumner,* for Defendant in Error.

DAVIS, J.—Plaintiffs in error were arrested for violating Section 8065 C. G. L., 5832 R. G. S., prohibiting the use of haul seines or drag nets in any of the inside salt waters of certain named counties, including Martin County. Upon habeas corpus proceedings they were remanded to custody, from which judgment of the Circuit Court they have taken this writ of error.

Section 8065 C. G. L., *supra* (which is derived from Chapter 8589, Acts 1921) was originally applicable to the counties of Brevard, St. Lucie, Palm Beach and Broward, but was held to apply to Martin County also when the latter county was afterwards carved out of St. Lucie County. See: *Ex parte* Brandamour, 91 Fla. 889, 108 Sou. Rep. 895.

The 1921 Act proved very unsatisfactory to the interests of Martin County, so beginning in the year 1929 the Legislature has regularly enacted special and local legislation for Martin County, repealing said Section 8065 C. G. L. (the 1921 Act) as to said Martin County and substituting other appropriate special fishing regulations therefor. See Chapters 14615, Sp. Acts 1929; 15329, Sp. Acts 1931; 16549, Sp. Acts 1933. In 1935 a special and local law proposing a continuance of the Special Acts of 1929, 1931 and 1933 for two more·years was introduced into the Legislature, but in the course of its passage the provisions for its expiration date became fixed as September 1, 1936, instead of September 1, 1937, as its author, the legislative representative from Martin County, had designed. So the proposition to be decided is: What is the law of Martin County in view of the obvious, though unintended, lapse of its own special series of fishing laws passed to regulate the use of haul seines and drag nets in that county?

The Circuit Judge held that upon the expiration of Chapter 17593, Special Acts 1935, *supra,* on September 1, 1936 (instead of September 1, 1937, as was supposed to be the case) that Martin County again came within the purview of the special four-county Act of 1921, Section 8065 C. G. L., *supra,* and that therefore it was unlawful to fish with a haul seine in any of the inside salt waters of Martin County, whereupon petitioners being charged with a violation of

said Section 8065 C. G. L., *supra,* were ordered remanded to custody and trial on the accusation so charging them.

Our own view is that the legal effect of Section 6 of Chapter 14615, Acts of 1929, was to repeal, as to *Martin County,* the provisions of Section 8065 C. G. L., prohibiting the fishing of haul seines or drag nets in any of the inside, salt waters of Martin County, and substitute other special and local regulations on that subject such as were contained in the 1929, 1931, 1933 and 1935 series of special legislative Acts.

This means that Martin County has now reverted to the ordinary general State-wide laws on the subject of salt water fishing in so far as the use of haul seines and drag nets is concerned and there being no provisions in said general State salt water fishing laws for punishing the fishing of haul seines or drag nets in the inside salt waters of Martin County, it follows that the arrest and holding for trial of petitioners in this case is without authority of law and that they should accordingly be discharged.

Judgment reversed and prisoners discharged from custody.

WHITFIELD, C. J., and ELLIS, TERRELL and BROWN, J. J., concur.