STATE, *ex rel.* E. W. HOLLOWAY, *et al.*, v. T. C. KELLER, as Tax Collector of the City of Tampa.

182 So. 779.
Opinion Filed June 30, 1938.
Rehearing Denied July 27, 1938.

*L. E. Womack, James B. Gibson, Jr., Raymond Sheldon* and *Burton G. Henson,* for Relators;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Respondent.

BROWN, J.—Petition for writ of mandamus was filed and the alternative writ was issued, alleging in substance that relators are engaged in the practice of medicine, law, and certain other professions in the City of Tampa; that the

City of Tampa has enacted ordinance No. 651-A which levies a license tax upon persons engaged in the practice of such professions in the amount of $60.00 per annum; that the City of Tampa and all other incorporated cities and towns of the State of Florida are prohibited by Sections 2 and 10 of Chapter 18011 of the Laws of 1937 from imposing any license tax upon the relators for the practice of their several professions in excess of $5.00 per annum; that the relators have each tendered to the respondent, as tax collector of the City of Tampa, the sum of $5.00 and have requested the issuance of a license for the payment of such amount, but that same has been refused on the ground that under the provisions of said ordinance the relators are required to pay a license tax of $60.00 each; and the writ concludes with the command to the respondent to issue to each of the relators occupational licenses upon the payment of the said $5.00 each or show cause.

Respondent filed his motion to quash the alternative writ of mandamus principally upon the ground that Chapter 18011, Laws of Florida of 1937, or any section thereof, does not prohibit the City of Tampa 'from enacting the ordinance in question, and does not supersede or repeal Chapter 9095, Laws of Florida of 1921, or Chapter 7714, Laws of Florida of 1917, granting to the City of Tampa ample authority and complete power to enact the ordinance in question.

Briefs filed in support of, and in opposition to, the motion to quash the alternative writ, and the oral arguments thereon all raise the principal question: Does Chapter 18011, Laws of 1937, a general Act, repeal, modify, supersede or suspend· Chapter 9095, Laws of Florida of 1921, a special charter Act, so as to prohibit the City of Tampa from levying a license tax in excess of five dollars per an-

num upon persons engaged in the practice of professions within the City?

By Chapter 7714, Section 3, Acts of 1917, and Chapter 9095, Section 1, Acts of 1921, the City of Tampa was empowered "to license professions, businesses and occupations carried on within the corporate limits, and privileges and franchises exercised therein, and to levy and collect license taxes upon the same; provided, however, that the amount of said license taxes and the subjects upon which they are levied shall be fixed by city ordinance, and shall not be dependent upon the general State law;" etc.

It is therefore undeniable that prior to the enactment of Chapter 18011 the City of Tampa had ample Charter power to enact such an ordinance as 651-A and impose such a license tax ,upon persons practicing the aforementioned professions in corporate limits of the City of Tampa.

It is contended by relators that Chapter 18011 was intended to set a uniform license fee in all municipalities throughout the State and to repeal or suspend existing conflicting laws.

Section 2 of that Act is as follows:

"That in every case, not otherwise provided by law, a County license of fifty per cent of the State license tax be and the same is hereby levied and imposed upon every business, profession, or occupation, and the Tax Collector of each county in this State is hereby authorized and directed to collect such County license tax when the business, profession, or occupation is engaged in, conducted or carried on in any such County, and all of the penalties prescribed by this Act for the non-payment of license taxes or for doing business without a license shall extend to and apply to County license taxes whether ,imposed by this Act, or any law of the State of Florida. *Provided that incorpo-*

*rated cities and towns may impose such further license taxes of the same kind upon the same subjects as they may deem proper except when otherwise provided by this Act or other law, but the license taxes so imposed shall not exceed fifty per cent of the State license tax, except as otherwise authorized by law."*

Section 10 sets the State license tax on professional men at ten dollars per annum:

"Section 10. Every person engaged in the practice of any profession, whether or not such profession be regulated by law, shall pay a license tax of $10.00 for the privilege of practicing, which license tax shall not relieve the person paying same from the payment of any license tax imposed on any business operation by him."

Other sections of Chapter 18011 that bear upon the construction of Section 2 and the intent of the Legislature are:

"Section 38. That Sections 803 and 886, both inclusive; 890 to 899, both inclusive; 901 to 910, both inclusive; 913 to 964, both inclusive; 969, 971, 974 to 985, both inclusive; 988 to 993, both inclusive; 995 to 1005, both inclusive; of the Revised General Statutes of Florida 1920; and Chapter 14491 and Chapter 14528, Laws of Florida, Acts of 1929; and Chapter 16801, and Chapter 17167, Laws of Florida, Acts of 1935, are hereby repealed."

"Section 39. That nothing herein shall be construed to repeal any license tax now imposed by law and not specifically repealed hereby."

In the recent case of American Bakeries Co., *et al.*, v. Haines City, 131 Fla. 790, 180 So. 524, decided at this term, this Court held that a certain provision contained in Section 5 of Chapter 18011, Acts of 1937, suspended or superseded the operative effect of any provisions in any special municipal charter Acts or ordinances passed thereunder

which were plainly repugnant to said provision of Section 5, such as the particular ordinance of the City of Haines City involved therein.

All of the cardinal rules of statutory construction, especially those involving the repeal by implication of a special law by a subsequent general law, that are necessary to a decision of the present case, were set out and discussed in the American Bakeries Case, *supra.* So a lengthy discussion of these guiding principals here would serve no useful purpose.

The phrase "except as otherwise authorized by law," being the last clause of Section 2 of Chapter 18011, above quoted, together with the fact that Section 38 of the Act specifically repeals certain laws and Section 39 provides that "nothing herein shall be construed to repeal any license tax now imposed by law and not *specifically* repealed hereby," and the absence of any general repealing clause, all evidence a strong legislative intent that the general Act should not abrogate the provisions of the special charter Acts of Tampa and other municipalities such as the one here involved, the same not being repugnant to the general Act. Repeals by implication are not favored; and as pointed out by Mr. Justice CHAPMAN in his dissenting opinion in the American Bakeries case, *supra,* the Court can take judicial notice of the circumstances that surrounded the passage of this general Act, Chapter 18011, Laws of 1937, and in doing so it would be hard to imply that the Legislature intended that the limited taxing powers of cities and towns of this State should be further reduced by Chapter 18011, except where the legislative intent so to do was clearly made to appear. To place upon Section 2 of that Act the construction urged by relators would be in effect to repeal or suspend by implication the Charter powers of the various cities and towns and to

limit all their license taxes to one-half of the general State license tax, whereas the language of the statute does not clearly indicate any such intention.

It may be well to here distinguish between this case and the American Bakeries case, *supra*, in that the application of the same rules lead to different results, because of the difference in the language used by the section of the Act construed in the American Bakeries case from the language of the sections here involved. The crux lies in the difference in these two sections of the general Act (Chapter 18011) under consideration and in the scope of their application.

Section 5, under consideration in the American Bakeries case, provided that:

"Vehicles used by any person for the sale and delivery of tangible personal property at wholesale from his established place of business on which a license is paid, shall not be construed to be separate places of business and *no license may be levied on such vehicles or the operator thereof* as salesmen or otherwise, *by* the State or any County *or Municipality, any other law to the contrary notwithstanding.*" (Italics supplied.)

In the opinion rendered in that case it was stated, 180 So. page 533:

"This new rule was manifestly intended by Section 5 to operate uniformly throughout the State, thus establishing a new state policy on the subject which any and all municipalities were prohibited from violating."

We find that this Section 5 is substantially different from Section 2, here under consideration, in that Section 5 provides "any other law to the contrary notwithstanding" as compared to the phrase in Section 2 "except as otherwise authorized by law," which plainly shows that Section 5

was intended to supersede other laws on that particular subject, while Section 2 was not intended to repeal or supersede existing laws otherwise providing as regards the subject dealt with and certainly in so far as municipalities were concerned. Further, Section 5 established a rule of general application to a particular subject and it was the manifest intention to establish a new and exclusive rule on that subject. See 59 C. J. 934; City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509. It is our opinion that this was not the purpose or intent of the Legislature in enacting Section 2, but that this section was intended to operate only to set a limit of one-half the fee charged by the State, to be applicable in those municipalities not having authority from their charter acts to impose a greater fee, or in other words to apply to and become operative in a city unless the municipality was "otherwise authorized by law."

Measured by the principles and rules set out in the American Bakeries Co. case, *supra*, our conclusion can only be that Section 2 of Chapter 18011 does not operate to supersede or repeal the charter Acts of the City of Tampa so as to limit that city's municipal license taxes on professions to one-half of the amount of the State license tax prescribed in said general Act.

The motion to quash the alternative writ is therefore granted.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.