LENFESTEY SUPPLY COMPANY, *et al.,* v. CITY OF TAMPA, *et al.*

195 So. 412

En Banc

Opinion Filed April 12, 1940

*J. Tom Watson*, for Appellants;

*Alonzo B. McMullen* and *Ralph A. Marsicano*, for Appellees.

TERRELL, C. J.—This appeal is from a final decree dismissing an amended bill of complaint for want of equity and for other reasons. Three questions are urged for reversal but they all turn on the validity of Chapter 13455, Acts of 1927, as applied to this case.

Chapter 13455 is a special Act authorizing the City of Tampa to change the form of its charter by referendum without in any manner affecting the city's powers. The provisions of the Act were followed and a new charter was adopted which appellant contends is invalid. He relies on Pursley v. City of Ft. Myers, 87 Fla. 428, 100 So. 366, to support his contention.

The latter case has been examined but we find no analogy whatever in the facts of that case and those of the case at bar. It was competent for the Legislature to enact Chapter 13455 and, for all the record discloses, the City has observed its provisions to the letter in the preparation and adoption of the charter brought in question.

It is next contended that ordinance 689-A of the City is violative of Section 24, Article III, of the Constitution and Chapter 18011, Acts of 1937, in that some of the license rates allowed are larger than 50 per cent of the State license tax. This question is answered by State *ex rel.* Holloway v. Keller, Tax Collector, 133 Fla. 335, 182 So. 779, contrary to the contention of appellant.

It is also contended that said ordinance is discriminatory in its operation in that Section 5 authorizes the board of representatives to alter, change, increase, decrease or revoke any license provided for therein and that it is attempting to exercise such power without the approval of the mayor.

There is no merit in this contention. An inspection of the ordinance discloses that it provides that the "right" of the board of representatives to change, alter, etc., any license shall not be abridged. In other words, if the "right" does not exist, it cannot be exercised and if it exists, it cannot be affected; besides this, appellants are not shown to be affected in any way by this provision.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.