O’CONNELL, Justice.
The District Court of Appeal, Third District, has certified that its decision reported at 177 So.2d 557 passes on a question of great public interest. We agree that this case is important for the precedent it will provide concerning the applicability of general law to municipal corporations and that its outcome is certainly a matter of great public interest.
This cause had its genesis in a 1963 ordinance by which the respondent town attempted to impose upon
“ * * * each telephone company doing business within the Town of Surfside pursuant to a franchise granted by the Town of Surfside, an annual license, occupational, inspection and franchise tax or fee in an amount equal to one per cent of the bills of such company for exchange service of customers receiving service within the corporate limits of the Town of Surfside. * * * ”
The present action was initiated by petitioner’s suit to enjoin enforcement of the ordinance. Petitioner argued: (1) that if the charge were for the use of the streets, it was invalid as impairing the obligation of the contract consisting of the existing franchise; (2) that if it were a revenue measure in the form of an occupational license tax, it was invalid as in excess of the limit imposed by Sec. 205.02 F.S.A.; and (3) that in any event the ordinance was so vagué and indefinite as to be unenforceable. Section 205.02 authorizes municipalities to levy occupational license taxes but limits the amount thereof to fifty per cent of the state tax, “except as - otherwise authorized by law.”
On proper motion, the chancellor entered a summary decree in favor of the town. He disposed of petitioner’s arguments as follows: (1) The challenged ordinance was held not to constitute an added charge for the use of the streets and therefore not to constitute an impairment of the obligation of the existing franchise; (2) the town was held removed from the limitation of Sec. 205.02 by the following language of Sec. 32 of its charter:
“All general laws of the state applicable to municipal corporations heretofore or hereafter enacted, and which are not in conflict with the provisions of this charter or with ordinances or resolutions hereafter enacted by the council pursuant to authority conferred by this charter, shall be applicable to said town; provided, however, that nothing contained in this charter shall be construed as limiting the power of the council to enact any ordinance or resolution not in conflict with the constitution of the state or with the express provisions of this charter.”
and (3) the language of the ordinance was held not to be unconstitutionally vague and indefinite, especially in view of the fact that it was taken substantially verbatim from a tariff previously filed by petitioner with the Florida Public Service Commission.
The District Court of Appeal, Third District, affirmed and certified its decision as having passed upon a question of great public interest.
Only one substantive question is raised here: whether the ordinance here involved is invalid as imposing an exaction in excess of that permitted by general law, Sec. 205.02 F.S. Petitioner argued in part that Sec. 205.02 was made applicable by Sec. 74 of the respondent town’s charter, which reads, in pertinent part: “The general laws of the State of Florida upon the subject of taxation shall *779 apply to and govern in the assessment, levy and collection of taxes in the Town of Surfside * * However, although the chancellor did not mention this argument, the District Court of Appeal rejected it by construing Sec. 74 as referring to general law relating to procedural matters only. We do not agree with this construction by the district court, but the point is not controlling since, insofar as applicable and not inconsistent with the special act by which the town’s charter was created, the general laws of the state would be controlling even if not specifically made so by the charter. The basic and controlling question, then, is whether Sec. 32 of the town charter, quoted above, operated to remove the subject ordinance from under the restriction contained in Sec. 205.02. We hold that it did not, that Sec. 205.02 does apply, and that the ordinance is therefore invalid.
Although the chancellor and the district court both, held that Sec. 32 did operate to remove the town from the limitations of general law contained in Sec. 205.02, neither undertook to explain precisely how or why Sec. 32 had the effect attributed to it. Actually, that section appears to be a rather ambiguously worded attempt, (1) to define the applicability of general law to the town and (2) to grant a general ordinance-making power to the town. We can only speculate which of these provisions was perceived by the courts below as removing the town from the restraint of Sec. 205.02.
Without regard for any question of the efficacy of Sec. 32 to accomplish either of these purposes, we are unable to understand why that section should be given the specific effect attributed to it herein. It is of course true that general law can be superseded or effectively repealed by subsequently enacted special or local law. However, this is only true when the subsequently enacted statute either expressly so provides or is so inconsistent with existing general law as to constitute an implied repeal thereof. City of St. Petersburg v. Pinellas County Power Co., 1924, 87 Fla. 315, 100 So. 509; West v. Town of Lake Placid, 1929, 97 Fla. 127, 120 So. 361; Sanders v. City of Coleman, 1940, 143 Fla. 455, 196 So. 822; Coen v. Lee, 1934, 116 Fla. 215, 156 So. 747.
We find nothing in Sec. 32 of the town charter that is so inconsistent with the limitation of Sec. 205.02 as necessarily to imply its repeal so far as the Town of Surfside is concerned. To the extent that Sec. 32 provides that the charter shall prevail over inconsistent general law, it does no more than reflect well established case law. To the extent that it purports to make general law repealable by town ordinances or resolutions subsequently enacted and to make the charter invariably superior to any general law that might be subsequently enacted, it attempts what probably cannot be done, although it is not necessary for us so to hold at this time.
It is true that the last sentence of the section can be read as purporting to free the ordinance-making power from all restraints of general law. We pass for now the question whether the legislature could validly do this, and hold merely that the language of Sec. 32 is not sufficiently positive to accomplish such a far-reaching purpose. Indeed, we find it difficult to believe that the legislature would intentionally provide that a particular city council was to be free from all restraints or requirements contained in general law.
The precedents cited by the chancellor are not compelling. In Canova v. Williams, 1899, 41 Fla. 409, 27 So. 30, a charter provision that the amount of privilege taxes was to be fixed by city ordinances was properly held to supersede a general law limitation similar to that contained in Sec. 205.02. State ex rel. Holloway v. Keller, 1938, 133 Fla. 335, 182 So. 779, simply held that the enactment of the limitation now contained in Sec. 205.02 did not operate to supersede or repeal *780 an existing charter provision and license taxes imposed thereunder. However, a section of the general law specifically provided “[that] nothing herein shall be construed to repeal any license tax now imposed by law and not specifically repealed hereby.” Finally, to the extent that Heriot v. City of Pensacola, 1933, 108 Fla. 480, 146 So. 654 is relevant here it was expressly overruled by Asbell v. Green, 1947, 159 Fla. 702, 32 So.2d 593.
The town suggests that its position is supported by Sec. 4 of the town charter, which reads,
“The enumeration of particular powers by this Charter shall not be deemed to be exclusive, and in addition to the powers enumerated therein or implied thereby, or appropriate to the exercise of such powers, it is intended that the town shall have and may exercise all powers which, under the constitution of this state, it would be competent for this Charter specifically to enumerate.”
But we have previously held that a charter provision substantially identical to this one cannot be understood as extending the powers of the municipality beyond those specifically granted or reasonably implied from those granted. Asbell v. Green, 1947, 159 Fla. 702, 32 So.2d 593.
The chancellor explained his holding in part by observing that Sec. 205.02 applies only to ordinances exclusively imposing occupational license taxes and therefore does not apply to this exaction. But the respondent town should not be permitted to avoid the limitation of Sec. 205.02 simply because the ordinance describes the tax in a most confusing manner. The drafters of the ordinance labelled the tax that it imposed with language substantially identical to that previously used for a different purpose in a tariff filed by petitioner with the Florida Public Service Commission. As a result, the ordinance imposes what is called “an annual license, occupational, inspection afid franchise tax or fee in an amount equal to one per cent of the bills * * * for exchange service of customers receiving sendee within the corporate limits of the Town of Surf-side * * *.” However, behind this confusing nomenclature we see a tax having the essential characteristics of an occupational license tax. Therefore, we hold that it is subject to the limitation of Sec. 205.02.
Therefore, the petition is granted, the decision of the District Court of Appeal, Third District, is quashed, and the cause is remanded to the chancellor for entry of orders consistent with the foregoing.
It is so ordered.
THORNAL, C. J., and ROBERTS and CALDWELL, JJ., concur.
MASON, Circuit Judge, concurs in conclusion.
THOMAS and ERVIN, JJ., dissent.