SWANN, Judge.
Plaintiff below, Oceancoast Corporation, a Florida corporation, appeals from a final order entered in favor of the City of Miami Beach, Florida, defendant below.
The sole question on this appeal is whether Fla.Stat. § 205.041(2), F.S.A. [formerly Fla.Stat. § 205.02] prohibits the City of Miami Beach from imposing an occupational license tax on Oceancoast for its apartment houses in Miami Beach, in amounts in excess of fifty (50%) percent of that permitted and imposed by the State of Florida.
The general state law on this subject, Fla.Stat. § 205.041(2), provides:
“Incorporated cities and towns may impose such further occupational license taxes of the same kind upon the same subjects as they may deem proper, except when otherwise provided by law. The license taxes so imposed shall not exceed fifty per cent (50%) of the state license tax, except as otherwise authorized by law.”
Under this authority, the City of Miami Beach, an incorporated city, may impose occupational license taxes on the plaintiff in excess of the fifty (50%) percent state limitation only if it is “otherwise authorized by law.”
It is conceded that the city taxes on the plaintiff for this purpose are in excess of the statutory limitation of fifty (50%) percent.
The question then becomes whether the legislature, by passing a- special act (the City of Miami Beach charter), authorized the City of Miami Beach to impose an occupational license tax on the plaintiff which exceeds the restriction imposed by the general state law.
The power of the City of Miami Beach to impose license taxes on privileges, businesses, occupations and professions engaged in within the jurisdictional limits of the city, is found in two areas of the charter of the city. Section 6(v) of the charter empowers the city:
“To impose a license tax upon occupations, professions, or businesses and col *804 lect the same and provide a penalty for the conduct of any occupation, profession or business so taxed without the payment of such tax * * [Ch. 13101, § 1 Sp.Acts (1927)]
Section 28(1) (a) empowers the City Council:
“ * * * to license privileges, businesses, occupations and professions carried on and engaged in within the city limits, the amount of such license taxes, shall the amount of such license taxes, shall be fixed by city ordinance, which amounts of said taxes shall not be dependent upon a general State revenue law.” [Ch. 7672, § 28 Sp.Acts (1917)]
Two decisions by the Supreme Court' of Florida set forth the criteria needed for exceptions to the general state law. In the first decision, State ex. rel. Holloway v. Keller, 133 Fla. 335, 182 So. 779 (1938), a Tampa occupational license tax in excess of the fifty (50%) percent limitation was upheld because the court found sufficient authorization in the Tampa charter to except it from the general limitation. The Tampa charter provision was passed in 1917 and the taxpayer contended that the special authorization therein was impliedly repealed when the legislature adopted the 1937 version of the present § 205.041 (2). The city charter provision there granted Tampa the power to levy occupational license taxes, “provided, however, that the amounts of said license taxes * * * shall be fixed by city ordinance, and shall not be dependent upon the general State law.” 133 Fla. at 337, 182 So. at 780. The court found this wording to be a sufficient authorization stating, “It is, therefore, undeniable that prior to the enactment of [the 1937 version of § 205.041(2)] the City of Tampa had ample Charter power to enact such an ordinance.” Id. The court then proceeded to reject the taxpayer’s repeal by implication argument stating:
“The phrase ‘except as otherwise authorized by law,’ being the last clause of section 2 of [the 1937 version], above quoted, together with the fact that section 38 of the act specifically repeals certain laws and section 39 provides that ‘nothing herein shall be construed to repeal any license tax now imposed by law and not specifically repealed hereby,’ and the absence of any general repealing clause, all evidence a strong legislative intent that the general act should not abrogate the provisions of the special charter acts of Tampa and other municipalities such as the one here involved.” 182 So. at 780-781.
The second decision, Southern Bell Tel. & Tel. Co. v. Town of Surfside, Fla.1966, 186 So.2d 777, struck down a municipal tax in excess of the fifty (50%) percent limitation because there was insufficient legislative authorization in the Surfside charter to except the City from the limitations of § 205.041(2). The Surfside charter provided, after saying that the state law regarding municipalities applied to the town, that:
“ * * * provided, however, that nothing contained in this charter shall be construed as limiting the power of the council to enact any ordinance or resolution not in conflict with the constitution of the state or with the express provisions of this charter.” 186 So.2d at 778. [Emphasis Added]
The court concluded that this section did not authorize an exception to the fifty (50%) percent limitation and said:
“Actually, that section appears to be a rather ambiguously worded attempt, (1) to define the applicability of general law to the town and (2) to grant a general ordinance making power to the town. * * * [W]e are unable to understand why that section should be given the specific affect attributed to it herein.” 186 So.2d at 779.
Section 28 of the City of Miami Beach charter was originally enacted in 1917, the same year as the Tampa charter provision *805 declared valid in State ex. rel. Holloway v. Keller, supra.
The City of Miami Beach charter provision in Section 28 (“the amounts of such license taxes * * * shall be fixed by city ordinance, which amounts of said taxes shall not be dependent upon a general State revenue law”), is substantially the same as that in the charter of Tampa, “the amounts of said license taxes * * * shall be fixed by city ordinance, and shall not be dependent upon the general state law.” See State ex. rel. Holloway v. Keller, supra.
It is clear that the Miami Beach charter in no way approximates the vague authorization clause relied upon for exception in the Surfside charter. We hold that the City of Miami Beach was authorized by and under its charter to impose an occupational tax license on this plaintiff in excess of the general fifty (50%) percent limitation. State ex. rel. Holloway v. Keller, supra.
The argument of Oceancoast that the initial authorization was repealed by the 1937 version of § 205.041(2) has been considered and rejected by the Supreme Court of Florida in State ex. rel. Holloway v. Keller, supra.
The final order herein appealed is, therefore,
Affirmed.