**I. C. SALES, Inc., et al v. CITY OF MIAMI, et al.**

No. 69-2156.

Circuit Court, Dade County.

December 22, 1969.

A. J. Ryan, Jr. and George A. Shahood, both of Dania, for the petitioners.

Alan H. Rothstein, City Attorney, and S. R. Sterbenz, Assistant City Attorney, for the respondents.

DAVID POPPER, Circuit Judge.

The petitioners have set forth a three pronged attack against the imposition of city of Miami license fees covering petitioners' merchandise vending operations in their petition for a writ of mandamus. An alternative writ of mandamus was entered on February 5, 1969 by the Honorable Harold B. Spaet, now deceased. The city of Miami has moved to quash this alternative writ of mandamus. Two hearings have been held and briefs have been submitted by both parties relative to this motion to quash. The constitutional issues raised by the petitioners have been the subject of the briefs submitted by the parties and constitute the main question for adjudication by the court in disposing of the petitioners' motion to quash.

Using petitioners' own words (commencing at page 1 of petitioners' October 17, 1969 brief), the three basic points raised by petitioners are as follows —

"The petition was predicated on three distinct grounds: Initially, it is alleged that the occupational license taxes imposed by the city of Miami are invalid by virtue of and under the constitution of the state of Florida of 1968. Secondly, the taxes imposed are in excess of the 50% limitation permitted under chapter 67-433, Florida Statutes. Lastly, it is alleged that the taxes so imposed are confiscatory and oppressive as applied to the petitioners herein."

The first two points are essentially legal questions which can be decided in this ruling on the respondents' motion to quash. The

third point which alleges the license fees to be confiscatory and oppressive would appear to call for a further development of the facts involved. Thus, in denying the respondents' motion to quash as to this third point, and, in granting the motion to quash as to the first two points raised by the petitioners, a determination of the legal questions raised in the first two points is made in this order, however, this case must proceed in the circuit court for the purposes of more fully developing the facts in connection with the third point raised by the petitioners. Both parties have indicated a desire to seek review of the constitutional questions raised in the Supreme Court of Florida should the ruling of this court be adverse to their position as to these constitutional questions. In deciding the first two of petitioners' three points in favor of the respondents, a determination by the court has been made as to the constitutional questions petitioners have raised.

Petitioners' basic argument, on constitutional grounds, is that by virtue of the new Florida Constitution, respondent-city is no longer empowered to impose license fees on petitioners' merchandise vending machine operations in excess of 50% of the amounts imposed by the state of Florida under F.S. 205.012, F.S. 205.041(2), and F.S. 205.551. The charter of the city of Miami, chapter 10847, Acts of 1925, as amended, in sections 3(bb) and 49, states that in licensing businesses the amount of the license is not dependent upon or governed by a general state revenue law or state law fixing such fees. Petitioners contend that article VII, section 9(a) and 1(a), along with article XII, section 6(a), of the new Florida Constitution, have the effect, as of the effective date of the new Florida Constitution, of limiting such license fees to 50% of the amount set for same by the state of Florida. Respondents state that, by article VIII, section 6(b) and other provisions of the constitution, even if the effect of the new Florida Constitution is to require that the amounts of municipal licenses be set by general law, the general law which would so regulate municipal licenses must first be passed by the legislature of the state of Florida.

It is the conclusion of the court that some action, in futuro, must be taken by the legislature of the state of Florida before the argument expressed by petitioners can prevail.

As to petitioners' second point, that chapter 67-433, Florida Statutes, has the effect of limiting the amount of the city of Miami licenses relative to merchandise vending machines to 50% of the license amounts imposed by the state of Florida, it is the opinion of the court that this question has been answered by the recent case of Ocean Coast Corporation v. City of Miami Beach, Fla. App. 1969, 221 So.2d 802.

Accordingly, it is ordered and adjudged as follows —

That sections 3(bb) and 49 of the city of Miami charter, chapter 10847, Acts of 1925, as amended, have not been rendered invalid by the new constitution of the state of Florida in that portion of each of said sections which empowers the city of Miami to set the amount of licenses on the merchandise vending machine business in a greater amount than 50% of the license amount set by the state of Florida under the provisions of chapter 67-433, Florida Statutes.

That chapter 67-433, Florida Statutes, does not, in itself, have the effect of limiting the amount of the city of Miami licenses on the merchandise vending machine business to 50% of that set by the State of Florida.

The respondents' motion to quash is denied and this case shall proceed solely on the issue whether or not the license amounts imposed upon petitioners by respondent-city are confiscatory and oppressive.