PIERCE, Judge.
Appellants, plaintiffs below, bring this appeal from a final judgment in favor of appellees-defendants, denying appellants’ application for a temporary restraining order and granting appellees’ motion to dismiss the amended complaint with prejudice without leave to amend.
Certain automobile dealers, engaged in the business of selling motor vehicles as *319 retail merchants in the City of Tampa, filed their complaint against the City of Tampa and its comptroller to enjoin the enforcement and collection of a tax levied by the City of Tampa and to enjoin the defendants from inspecting the books and records of the dealers relating to the amount of tax due and owing.
Appellants attack the validity of a tax enacted by the City as Ordinance No. 1708-A, providing in part as follows:
“(b) License tax based on gross sales— retail and merchants. The license tax on every retail merchant, whether any other license tax is required by any subsection of this section or not, shall be measured by the amount of gross sales made by such merchant and shall be figured and arrived at as follows: Returns shall be made to the city treasurer showing amount of gross sales for the twelve months period ending July 31st, immediately preceding the license year, which returns shall be filed with the city treasurer not later than thirty days after said July 31st, and on the first three thousand dollars or less, the license tax shall be * * * 10.00 On each one thousand dollars of gross sales or major fraction thereof above three thousand dollars * * * 1.00.”
It will be noted that the tax sought to be imposed is based upon the gross sales rather than the gross receipts. In City of DeLand v. Florida Public Service Co., 1935, 119 Fla. 804, 161 So. 735, the Supreme Court of Florida, in considering a tax levied by the City of DeLand on each and every sale of electricity in said City, amounting to ten per cent of the charge made by the seller of such electricity, said:
“It is generally conceded as a matter of common knowledge that the gross sales of a saleable commodity or service do not bear any constant relation to the net profits of the seller * * *.
“Thus the practical operation and effect of the challenged ordinance is to reach into the power company’s revenues and diminish by 10 per cent, the power company’s gross receipts, after they have already accrued, and then solely on the basis of the accrual thereof, regardless of whether there has been a profit realized or loss suffered, by such power company on the gross transactions involved in the tax base.” (Emphasis supplied).
And in the companion case, City of DeLand v. Florida Public Service Co., 1935, 119 Fla. 819, 161 So. 740, 742, the Court said:
“Thus the so-called sales tax, while in form an excise tax on the company’s privilege as a public utility, is converted by section 9 of the challenged ordinance into substantially a direct burden on the company’s gross revenues, whether such revenues reflect a profit or a loss in the company’s business * * *” (Emphasis supplied).
In State ex rel. Adams v. Lee, 1935, 122 Fla. 639, 166 So. 249, 258, Justice Davis explained the ruling in DeLand, supra:
“•[I]n City of DeLand v. Florida Public Service Co., 119 Fla. 819, 161 So. 740; Id., 119 Fla. 804, 161 So. 735, * * * it was decided by this court that a privilege tax capable of being calculated in the cost of doing business and thereupon passed on to the ultimate consumer, although provided to be measured by the volume of business already done during a preceding specified period of time, would be sustainable and enforceable as a valid license (privilege) tax, if not otherwise so unreasonably burdensome as to amount to spoliation under the guise of privilege taxation.”
We, therefore, think that the holding in DeLand was that a tax on gross sales, although in the guise of a privilege tax, is nonetheless a sales tax.
Appellees rely on Smith v. City of Miami, 1948, 160 Fla. 306, 34 So.2d 544, and Southern Bell Telephone & T. Co. v. Town of Surfside, Fla.1966, 186 So.2d 777, *320 but we think the better rationale is contained in DeLand, supra. We, as a District Court of Appeal, are in no position to finally decide which line of cases should be followed, but in our opinion the DeLand case is more compatible with reason and logic when applied to the tax involved in the instant case.
In view of our holding, it is not necessary to determine whether the tax here in question is an income tax, but see City of Lakeland v. Amos, 1932, 106 Fla. 873, 143 So. 744; City of DeLand v. Florida Public Service Co., 1935, 119 Fla. 804, 161 So. 735; Bentley-Gray Dry Goods Co. v. City of Tampa, 1939, 137 Fla. 641, 188 So. 758.
Appellants contend that F.S. § 212.081, F.S.A. precludes the imposition of a sales tax by a municipality. § 212.081(3) provides in part:
“It is also the legislative intent that there shall be no pyramiding or duplication of excise taxes levied by the state under this chapter, and no municipality shall levy any excise tax upon any privilege, admission, lease, rental, sale, use or storage for use or consumption which is subject to a tax under this chapter unless permitted by general law, provided, however that this provision shall not impair valid municipal ordinances which are in effect and under which a municipal tax is being levied and collected on July 1, 1957.” (Emphasis supplied).
The City of Tampa originally enacted the ordinance imposing the tax here involved in 1954. Therefore, appellees contend that the municipal ordinance in effect and under which a municipal tax was being levied and collected was not impaired by the enactment of F.S. § 212.081, F.S.A. which contains a grandfather clause. However, the City of Tampa charter was changed by legislative action in 1961 which repealed certain provisions of the Tampa City charter and reenacted certain other provisions. Chapter 61-2927, Laws of Florida, Acts of 1961, amended § 3, Chapter 7714, Laws of Florida, Acts of 1917, to provide, among other things:
“That the city council [of the City of Tampa] shall have the power to * * * license privileges, businesses, occupations and professions carried on and engaged in within the city limits, and the amounts of such license tax shall be fixed by city ordinances, which amounts of such taxes shall not be dependent upon the general state law; provided, however, that the city shall in the future be prohibited from assessing, levying, collecting, or imposing upon any said named companies or corporations on their property any further or other tax, burden, assessment, imposition or rental of any kind or character whatsoever, except said privilege taxes and the ad valorem tax on real and personal property, paving, sewerage, or sidewalk assessments. * * *” (Emphasis supplied).
Chapter 61-2927 repealed all laws and parts of laws in conflict therewith.
We hold that the tax imposed by the City of Tampa, being a sales tax, is viola-tive of F.S. § 212.081, F.S.A.
The judgment appealed is reversed and the cause is remanded to the Chancellor with instructions to deny the motion to dismiss the amended complaint and that further proceedings be had not inconsistent herewith.
Reversed and remanded.
HOBSON, C. J., and LILES, J., concur.