HAVERFIELD, Judge.
Plaintiff-appellant seeks review of an order dissolving a temporary injunction and granting a motion to dismiss for failure to state a cause of action.
Plaintiff I. C. Sales, Inc. is engaged in the business of owning and operating bulk merchandise vending machines in the State of Florida and in particular in the City of North Miami. The average net profit of each machine before state and municipal occupational license taxes is approximately $4 per annum. The North Miami occupational license tax passed pursuant to Article I, Section 3(b)(6) of the Charter of the City of North Miami, on these machines is as follows: (a) 1 cent machines —$1, (b) 5 cent machines — $5, and (c) 10 and 25 cent machines — $10.
Appellant on August 2, 1972 filed its complaint for declaratory judgment seeking to determine the tax in question to be in violation of the limits imposed by F.S. § 205.041, F.S.A. and further to be confiscatory and oppressive. The court below entered a temporary injunction enjoining the City of North Miami from enforcing the provisions of its occupational licensing ordinance as it related to coin operated vending machines against the appellant. Thereafter, on August 11, 1972 the court held a full hearing at the conclusion of which the temporary injunction was dissolved and it was decided further that on the basis of All Miami Appliances, Inc. v. City of North Miami, Fla.App., 251 So.2d 25 (1971), that the defendant-appellee, North Miami, was not bound by the limitations of F.S. § 205.041, F.S.A., and that the license tax is not on its face confiscatory and oppressive. The judge then granted appellee’s motion to dismiss the complaint for failure to state a cause of action.
Appellant’s first contention on appeal is that the City of North Miami may not im *512 pose an occupational tax m excess of the limitation of 50% of the state tax as provided in F.S. § 205.041(2) F.S.A., subsequent to the adoption of the 1968 Florida Constitution.
In support of the above contention, appellant argues that prior to the adoption of the 1968 Constitution most municipalities in the state imposed occupational license fees in excess of the 50% limitation contained in F.S. § 205.041(2) F.S.A. under authority generally granted to them by special act. See Oceancoast Corporation v. City of Miami Beach, Fla.App.1969, 221 So.2d 802. However, with the passage of the 1968 Constitution and specifically Article 8, § 9(a) F.S.A., municipalities, with the exception of ad valorem taxes, may be authorized by general law to levy other taxes. Therefore, the City of North Miami can no longer impose an occupational tax in excess of the limitation contained in Florida Statute 205.041(b). We reject this argument for the following reasons.
In April 1972 the legislature repealed the then existing Florida Statutes 205, including F.S. § 205.041(2). In substitution therefor, a new Chapter 205 cited as the Local Occupational License Tax Act was passed by the legislative branch, signed into law by the Governor and thereupon became effective immediately. This new Chapter 205 provided for the ratification of all municipal licenses adopted pursuant to resolution, ordinances or special law and further provided that they remain in effect until October 1, 1972. See Gen.Laws of Florida 1972, Ch. 72-306.
The North Miami occupational license tax adopted by city ordinance pursuant to the Charter of the City of North Miami clearly is ratified by the new Chapter 205 and, thus, valid for the fiscal year 1972, to-wit: October 1, 1971 to September 30, 1972.
We considered also appellant’s remaining points on appeal and found them to be without merit. See City of Miami v. I. C. Sales, Inc., Fla.App.1973, 276 So.2d 214.
Accordingly, the judgment herein appealed must be and hereby is affirmed.
Affirmed.