John L. Mica Representative 39th District Tallahassee
QUESTION:
Is Ch. 57-507, Laws of Florida, a special act relating to Orange County, permitting the payment of extra compensation to the chairman of the board of county commissioners currently in effect?
SUMMARY:
Chapter 57-507, Laws of Florida, has no legal effect or operation on the additional or extra compensation payable to the Chairman of the Board of County Commissioners of Orange, County, having been expressly repealed and supplanted by Ch. 61-1387, Laws of Florida. While Ch. 61-1387, under the provisions and for the purposes of s.145.131(1), F. S., and s. 3(2) and (5) of Ch. 71-29, Laws of Florida, may be applicable as an ordinance of those counties within the population range fixed in s. 2 of Ch. 61-1387 as of the effective date of Ch. 71-29, Orange County is not governed by either Ch. 61-1387 or Ch. 71-29 since Orange County had grown out of the population range set forth in Ch. 61-1387 prior to effective date of Ch. 71-29. Therefore, as of July 1, 1971, there is no statute which provides for additional or extra compensation for the chairman of the Board of County Commissioners of Orange County.
The annual compensation and method of payment for county commissioners is established by law. See s. 145.031, F. S. The Legislature's intent in enacting Ch. 145, F. S., as expressed in s. 145.011, F. S., is to provide a uniform schedule of compensation for county officials having substantially equal duties and responsibilities. The compensation provided in Ch. 145 is to be the sole and exclusive compensation for those officers whose salary is established therein and, except as specifically provided in Ch. 145, the acceptance of salary for official duties as a result of other general or special law, general law of local application, resolution, supplement, or from any other source is a misdemeanor of the first degree. Section 145.17, F. S. In order to preserve the statewide uniformity of compensation for county officers, the Legislature, pursuant to s. 11(a)(21), Art. III, State Const., has prohibited special laws or general laws of local application pertaining to the compensation of, inter alia, members of the board of county commissioners. Section 145.16, F. S. Section 145.131(1), F. S., however, provides an exception by stating:
 All local or special or general laws of local application enacted prior to July 1, 1969, which relate to compensation of county officials are repealed, except laws pertaining to
travel expenses of county officers or to payment of extra compensation to the chairmen of boards of county commissioners or district school boards. (Emphasis supplied.)
Thus, the compensation for the chairman of a board of county commissioners for his duties as chairman is not fixed by Ch. 145.See AGO 069-87 in which this office stated that Ch. 145 did not appear to prohibit a county commission chairman, where properly authorized by existing local act, to receive supplemental compensation for extra services rendered as chairman; see also AGO 073-485. Therefore, the payment of extra compensation to the chairman of the board of county commissioners for his duties as chairman as authorized by special law or general law of localapplication enacted prior to July, 1969, would not contravene the provisions of Ch. 145.
Section 1 of Ch. 57-507, Laws of Florida, assuming the validity thereof, authorized the Chairman of the Board of County Commissioners for Orange County to receive $100 a month in addition to his salary as county commissioner. In 1961 the Legislature in Ch. 61-1387, Laws of Florida, expressly repealed and supplanted Ch. 57-507, effective October 1, 1961. Section 2 of Ch. 61-1387 provides:
 The Chairman of the Board of County Commissioners in all counties having a population of not less than two hundred thirty thousand (230,000) and not more than three hundred thousand (300,000) according to the latest official state-wide decennial census, shall be paid five hundred dollars ($500.00) per annum in addition to his salary as County Commissioner, payable in equal monthly installments.
At the time Ch. 61-1387 was enacted, Orange County was the only county within the state with a population within the limits set forth in s. 2 of Ch. 61-1387. See Florida Statutes 1967, Vol. 3, p. 5418, which shows that, under the 1960 Official Florida State and Federal Decennial Census, Orange County had a population of 263,540 and was the only county in the state within the population range of 230,000 to 300,000.
The 1971 Legislature, in an effort `to restore the regulation of local government to the constitutionality [sic] recognized modes of enactment . . . [and] to enact additional general legislation to expand the home rule powers of local government,' repealed a number of general laws of local application; see ss. 1 and 2 of Ch. 71-29, Laws of Florida. Chapter 61-1387 was among those general laws of local application enumerated in s. 2 of Ch. 71-29. Section 3(2), Ch. 71-29, however, converted those general laws of local application relating to counties into ordinances of the affected counties, subject to modification or repeal as are other ordinances; moreover, Ch. 71-29 provided that these ordinances or `enactments' were authorized to conflict with general law to the extent authorized on January 1, 1971. See s. 3(5), Ch. 71-29.
You inquire as to whether Ch. 57-507, Laws of Florida, would be revived by the repeal of Ch. 61-1387 by s. 2 of Ch. 71-29. Section2.04, F. S., provides that no repealed statute shall be revived by implication:
 [I]f a statute be passed repealing a former statute, and a third statute be passed repealing the second, the repeal of the second statute shall in no case be construed to revive the first, unless there be express words in the said third statute for this purpose.
 See generally State v. Sholtz, 169 So. 849, 853 (Fla. 1936), and State ex rel. Scott v. Christensen, 170 So. 843 (Fla. 1936). However, while s. 2 of Ch. 71-29 repealed Ch. 61-1387, s. 3(2) and (5) converted the general laws of local application into ordinances of the affected counties, authorized to conflict with general law to the extent authorized on January 1, 1971. If not repealed by the county commission by ordinance, Ch. 61-1387, as an ordinance or `enactment' under s. 3(5), Ch. 71-29, may be considered to be a law `pertaining to . . . payment of extra compensation to the chairmen of the boards of county commissioners . . .' under s. 145.131(1), F. S.; the provisions contained therein would continue to govern and to control the extra compensation granted to such chairman within the population brackets or limitations set forth in Ch. 61-1387 as of the effective date of Ch. 71-29. Chapter 57-507, however, has no legal effect or operation on the compensation of such chairman, having been expressly repealed and supplanted by Ch. 61-1387. While the question as to whether the conversion of the provisions of Ch. 61-1387 to ordinances of the affected counties by Ch. 71-29 would constitute a `repeal' of Ch. 61-1387 by a `statute' within the meaning of s. 2.04 is, admittedly, a close question, its resolution is not dispositive of the question raised in your inquiry. If Ch. 61-1387 is considered to have been repealed for the purposes of s. 2.04, then under the express terms of s. 2.04, Ch. 57-507, would not be revived by the repeal of its repealing statute, Ch. 61-1387. If, however, the conversion of Ch. 61-1387 to a county ordinance by Ch. 71-29 is not deemed to be a repeal by `statute' of this general law of local application within the meaning of s. 2.04, then the provisions of Ch. 61-1387 will still control the compensation of the chairman of county commissioners of the affected counties, having repealed and supplanted Ch. 57-507.
 The payment of additional or extra compensation to the Chairman of the Board of County Commissioners of Orange County is not, however, governed by the terms of Ch. 61-1387
or by Ch. 71-29. At the time Ch. 71-29 became effective, Orange County had grown out of the population range fixed in s. 2, Ch. 61-1387 and was therefore no longer governed by its terms. See Florida Statutes 1977, Vol. 3, p. 1226, which provides that under the 1970 Official Florida State and Federal Census, Orange County had a population of 344,311. Section 11.031(3), F. S., provides that
 [t]he last federal decennial statewide census shall not be effective for the purposes of affecting acts of the Legislature enacted prior thereto which apply only to counties of the state within a stated population bracket until July 1 of the year following the taking of such census. (Emphasis supplied.)
Section 6 of Ch. 71-29 provides that the effective date of the act is to be the 29th day after the final adjournment of the 1971 regular session of the Legislature; the effective date of Ch.71-29 was therefore on or about July 3, 1971, since the legislative session ended on June 4. Thus, Ch. 71-29 did not become effective until after the 1970 decennial census became applicable to Ch. 61-1387.
Accordingly, the additional compensation of the Chairman of the Board of County Commissioners for Orange County is not governed by Ch. 61-1387 or Ch. 71-29 which converted the provisions of Ch.61-1387 into county ordinances. As of July 1, 1971, there was no statute which provided for additional compensation for the Chairman of the Orange County Commission. Moreover, s. 145.16(2), F. S., prohibits any special law or general law of local application pertaining to the compensation of members of the board of county commissioners; the compensation of any official whose salary is fixed by Ch. 145 may be determined only by general law except for those laws enacted prior to July 1, 1969, which authorized additional compensation to the chairman of the board. Thus, subsequent to July 1, 1969, the Legislature may provide for the additional compensation to county chairmen only by generallaw. The board of county commissiones, however, may authorize an allowance for the chairman of the commission of up to $50 per month for travel and other expenses related to the performance of his duties, provided that prior to July 1, 1969, the board had not authorized an additional monthly expense allowance. Section145.121(2), F. S. Such compensation is not, however, to be considered as part of the chairman's income from office. See AGO 073-173. See also AGO 076-17 in which I stated that a payment under a county ordinance providing for an in-county travel expense allowance of $50 per month for each member of the board of county commissioners without complying with the requirements of s.112.061 would not appear to be a proper reimbursement for travel expenses; however, such an ordinance may be deemed effective to implement s. 145.121(2) as applied to the chairman of the board.
Prepared by: Joslyn Wilson, Assistant Attorney General