Mr. Raymond A. Doumar Attorney for the North Lauderdale Water Control District.
QUESTION:
May members of the board of supervisors, the governing body of the North Lauderdale Water Control District, be compensated for their services to the board and/or for their attendance at the board's monthly meeting?
SUMMARY:
Members of the board of supervisors of the North Lauderdale Water Control District are not authorized to be compensated for their services as supervisors and are limited in receiving reimbursement for travel expenses to 10 cents per mile for each mile actually traveled in going to and from their place of residence to meetings of the board.
This opinion is expressly limited to a consideration of whether members of the board of supervisors may be compensated and/or receive travel expenses for their services, as supervisors, to the water control district. No opinion is expressed herein as to the legality or advisability of imposing additional functions on the supervisors.
The North Lauderdale Water Control District was created by ch. 63-661, Laws of Florida, as a drainage district in Broward County for the purpose of reclaiming, draining and conserving land within the district and making such land available and habitable for settlement and agriculture and `for the public convenience, welfare, utility and benefit . . . .' Sections 1 and 2, ch. 63-661. A board of supervisors, consisting of 3 members, serves as the governing body of the district, see s. 4, ch. 63-661. Section 2 of the local act provides that the general drainage laws of the state applicable to drainage districts embodied in ch. 298, F.S., and all laws amendatory thereof so far as not inconsistent with ch. 63-661, are applicable to the North Lauderdale Water Control District which `shall have all the powers and authorities mentioned in or conferred and said Chapter 298, F.S., and Acts amendatory thereof, except as herein otherwise provided.' (Emphasis supplied.) Section 21 of the local act provides that in the event of a conflict between its provisions and the provisions of any other act, its provisions shall control to the extent of such conflict.
It is well established within this state that public officers have no claim or right to compensation for services rendered except when and to the extent that it is provided by law, and that when no compensation is so provided, the rendition of such services is deemed to be gratuitous. See, e.g., Gavagan v. Marshall,33 So.2d 862 (Fla. 1948); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965). Section 298.14, F.S., provides that members of a board of supervisors of a water control district shall be reimbursed for their traveling expenses pursuant to s. 112.061, but shall receive no compensation for their services unless the landowners at the annual meeting determine to pay such compensation `which in no event shall exceed $25 per day for the time actually engaged in work for the district and in attending sessions of the board . . . .' Cf. ss. 298.17-298.20, F.S., authorizing the board to employ and fix the compensation of certain personnel who shall be reimbursed for travel expenses as provided in s. 112.061. Section298.14 was amended in 1963 to authorize the payment of travel expenses pursuant to s. 112.061. See s. 11, ch. 63-400, Laws of Florida. Chapter 63-400, which was presented to the Governor on June 5, 1963, and became law without the Governor's approval, became effective on July 1, 1963 (see s. 22, ch. 63-400). Since 1963, the statute has been amended only once, in 1965, by ch. 65-517, Laws of Florida, to increase the maximum allowable compensation from $5 to $25 per day.
While the enabling legislation for the North Lauderdale Water Control District provides that the district shall have all the powers conferred upon water control districts by ch. 298, the local act limits those powers that may be exercised by the district which are conferred by ch. 298 to those which are not inconsistent with ch. 63-661 or are otherwise provided within the act. Section 6, ch. 63-661 expressly states that the board of supervisors of the North Lauderdale Water Control District `shall serve without compensation, except that they shall be paid 10cents per mile for each mile actually traveled in going to and from their place of residence to the place of meeting.' Chapter 63-661, which was presented to the Governor on June 19, 1963, and became law without his approval, became effective on or about July 10, 1963 (see s. 23, ch. 63-661), and appears to have been adopted subsequent to the enactment of ch. 63-400, which amended s. 298.14
to authorize the payment of travel expenses of supervisors pursuant to s. 112.061 and compensation under certain conditions. Thus, ch. 63-661 is the last expression of the legislative will and is controlling. Cf. Albury v. City of Jacksonville Beach,295 So.2d 297 (Fla. 1974) (in event of conflict between statutes, later more specific expression of legislative will controls); Tamiami Trail Tours v. Lee, 194 So. 305 (Fla. 1940); De Coningh v. City of Daytona Beach, 103 So.2d 233 (1 D.C.A. Fla., 1958). Moreover, a later special law or particular act will prevail over a general act, see Southern Bell Telephone Telegraph Co. v. Town of Surfside, 186 So.2d 777 (Fla. 1966); State ex rel. Scott v. Christensen, 170 So. 843 (Fla. 1936), while a general law generally will not operate to repeal or modify a local or special law, see American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); Sanders v. Howell, 74 So. 802 (Fla. 1917). In addition, the Legislature is presumed to know the provisions of existing laws when a statute is enacted. See Oldham v. Rooks, 361 So.2d 140
(Fla. 1978); Woodgate Development Corp. v. Hamilton Investment Trust, 351 So.2d 14 (Fla. 1977). In light of the foregoing, it therefore appears that the provisions of s. 6, ch. 63-661, which expressly limit the travel expenses of the supervisors of the North Lauderdale Water Control District and provide that the supervisors of the district serve without compensation are still effective. Cf. s. 112.061(1)(b)2., F.S., stating that the provisions of any special or local law, present or future, shall prevail over any conflicting provisions of s. 112.061 but only to the extent of such conflict.
Prepared by: Joslyn Wilson, Assistant Attorney General